### 40756. CANTON TEXTILE MILLS, INC. et al. v. LATHEM.
(317 SE2d 189)

GREGORY, Justice.

This is a workers' compensation case. The facts are not in dispute. Turner Lathem worked for Canton Textile Mills, Inc. for over thirty (30) years in the card room of its textile mill. Throughout his employment at the mill, appellee was exposed to cotton dust. During the early seventies Lathem developed a lung disorder which eventually led to his terminating his employment on April 2, 1976. Appellee has not worked since that date nor did he file a claim for workers' compensation benefits at the time.

In 1982 the General Assembly amended the Workers' Compensation Act by designating byssinosis as an occupational disease. Ga. Laws 1982, p. 2485, §§ 4, 5, 8. "Byssinosis" means a pulmonary disease due to exposure to cotton dust for a period of seven years or longer and diagnosed as such by a doctor certified as a pulmonary specialist by the American Board of Internal Medicine. OCGA § 34-9-280 (5). The Act was further amended by adding at the end of OCGA § 34-9-281 a new subsection (d) which provides "In cases of disability or death resulting from byssinosis . . . the time for filing claims shall be as provided by this chapter; *provided, however, that, with respect to cases of disability diagnosed as byssinosis prior to July 1, 1983, such claims shall be filed prior to July 1, 1984."* Ga. Laws 1982, p. 2485, §§ 3, 9. (Emphasis supplied.)

In November 1982, appellee's condition was diagnosed for the first time by a certified pulmonary specialist as byssinosis caused by his exposure to cotton dust while employed by appellant. Pursuant to OCGA § 34-9-281 (d), appellee filed a claim for workers' compensation benefits. At the hearing, appellant moved to dismiss appellee's claim on the ground at the time of disablement in 1976, the claim could have been asserted as an occupational disease under OCGA § 34-9-280 (3) (E)[1] therefore, this action is barred by the one-year limitations period in effect at the time. OCGA § 34-9-82. The Administrative Law Judge denied the motion and awarded appellee benefits. On appeal, the superior court rejected appellant's constitutional challenge to OCGA § 34-9-281 (d). We granted appellant's application for discretionary appeal to address the constitutional question raised. We affirm.

1. Appellant contends OCGA § 34-9-281 (d) is unconstitutional and void in that said proviso violates the Georgia Constitution, Art. I, Sec. I, Par. X, which provides "No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed." Specifically, appellants argue the statute is a retroactive law which creates a new obligation and imposes a new duty with respect to transactions or considerations already past. Appellants contend they had a vested defense in the one-year limitation period which the legislature cannot constitutionally extend by subsequent legislation. We disagree.

The general rule is that laws prescribe only for the future, and usually will not be given retrospective operation. They will be given a retrospective operation, however, when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose. It is at last and always a question of legislative intent. *Barnett v. D. O. Martin Co.*, 191 Ga. 11, 12 (11 SE2d 210) (1940). The legislative intent in the case sub

---

[1] OCGA § 34-9-280 (3) (A) through (D) defines the term "occupational disease" and specifically lists several which are compensable. Subsection (E) is the so-called "catch-all" provision which provides compensation for "other occupational diseases" provided a claimant proves to the satisfaction of the board all of the following:

"(i) A direct causal connection between the conditions under which the work is performed and the disease;

(ii) That the disease followed as a natural incident of exposure by reason of the employment;

(iii) That the disease is not of a character to which the employee may have had substantial exposure outside of the employment;

(iv) That the disease is not an ordinary disease of life to which the general public is exposed;

(v) That the disease must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence."

judice is clear. By its express language OCGA § 34-9-281 (d) is applicable to all cases of disability diagnosed as byssinosis prior to July 1, 1983. There can be no doubt the legislature intended the section be given retrospective operation. However, our inquiry does not cease for once the legislative intent is found we must determine whether giving the statute retrospective operation would violate our constitutional provision against retroactive laws.

A statute of limitations is remedial in nature. *Jaro, Inc. v. Shields*, 123 Ga. App. 391, 392 (181 SE2d 110) (1971). Laws which act upon remedies alone, although retroactive, will be enforced, provided they do not impair the obligation of contracts or disturb absolutely vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations. *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491 (165 SE 593) (1932). Appellants contend they had an absolutely vested right in the one-year statute of limitations. In *Bussey v. Bishop*, 169 Ga. 251 (150 SE 78) (1929) this court held, with respect to the Workers' Compensation Act, that the legislature cannot revive a right of action which is barred by the statute of limitations in existence prior to the passage of the reviving act, for to do so would violate our constitutional provisions against the passage of retroactive laws. In so holding, this court adopted the reasoning of the dissent in the U. S. Supreme Court case of Campbell v. Holt, 115 U. S. 620 (6 SC 209, 29 LE 483) (1885) that a statute of limitation, once it has run, becomes vested and is as valuable to the one party as the right to demand or prosecute the suit is to the other. We said the right to this defense should be held as inviolate as the right of action, therefore subsequent legislation cannot constitutionally change the limitations period. The majority in Campbell, supra, made a distinction between a statutory bar operating to invest persons with title to property and a bar which constitutes merely a defense to a personal demand. The court went on to hold that in actions on contract, or in any class of actions in which a party does not become invested with title to property by the statute of limitations, the legislature may by repealing the statute, even after the right of action is barred, restore the remedy and divest the other party of the statutory bar.

Our holding in *Bussey*, supra, was criticized, if not impliedly overruled, in *Bullard v. Holman*, 184 Ga. 788 (193 SE 586) (1937) where we held a party has no vested right in a defense based upon a mere informality not affecting his substantial equities. In that case the legislature passed an act expressly validating contracts entered into with corporations not registered in accordance with laws in force at the time. Prior to the act such contracts were not enforceable in our courts. In holding the act applied retrospectively to contracts entered into prior to its passage, this court criticized *Bussey* in several

respects, the most persuasive of which being the *Bussey* court, in Division 1 of the opinion, decided the legislature did not *intend* the act under consideration be given retrospective operation. This ruling decided the question and anything that might have been added as to the validity of the act, if it had been given a retroactive effect, was necessarily obiter dictum. See also *Walker Electrical Co. v. Walton*, 203 Ga. 246 (46 SE2d 184) (1948). We now expressly overrule our holding in *Bussey v. Bishop*, supra, and adopt the reasoning of the majority of the court in Campbell v. Holt,[2] supra. We agree with the view expressed by Justice Jackson in Chase Securities Corp. v. Donaldson, 325 U. S. 304 (65 SC 1137, 89 LE 1628) (1945) that, "Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. [Cits.] They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a 'fundamental' right or what used to be called a 'natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control." Id. 325 U. S. at 314.

We therefore hold, the legislature may revive a workers' compensation claim which would have been barred by a previous limitation period by enacting a new statute of limitation, without violating our constitutional prohibition against retroactive laws. Our ruling today is not in conflict with our recent decision in *Hart v. Owens-Illinois*, 250 Ga. 397 (297 SE2d 462) (1982) because there the legislature did not intend the statute to have retrospective application to substantive matters, and a substantive matter was in issue before us in that case. Our decision in this case is consistent with this court's general policy of construing the provisions of the Workers' Compensation Act liberally in order to afford the injured claimant a remedy. *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327) (1981).

2. In their second enumeration of error appellants contend the Administrative Law Judge should have submitted this case to the

---

[2] While we recognize Campbell v. Holt, supra, involved a due process attack on the statute in question, it was grounded on the single proposition that the law was retroactive.

Medical Board in accordance with OCGA § 34-9-311, because the evidence submitted at the hearing established a "medical controversy." The record contains medical reports from two pulmonary specialists. One doctor gave an unequivocal diagnosis of byssinosis. The other doctor reported that appellee's pulmonary impairment was related to his occupational exposure to cotton dust but lacked enough information to enable him to give a diagnosis of byssinosis. This presents no medical controversy to be submitted to the Medical Board.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Marshall, P. J., and Bell, J., who dissent.*

DECIDED JUNE 12, 1984 — REHEARING DENIED JULY 2, 1984.

*Drew, Eckl & Farnham, Charles L. Drew, Richard C. Kissiah,* for appellants.

*H. Clifton Conrad, Jr., H. Stephen Abernathy, Karl J. Duff,* for appellee.