## 46101. HUNTER v. JOHNSON.
### (376 SE2d 371)

WELTNER, Justice.

Johnson filed a medical malpractice action against Hunter in January 1987, alleging that because of negligent treatment in 1984, she suffered from chronic hip pain requiring repeated hospitaliza-

---

tions, including major surgery in October 1985. The trial court denied Hunter's motion for summary judgment, in part based on a finding that the action was not barred by the statute of limitations of OCGA § 9-3-71. The court found the old (1976) statute unconstitutional as applied and that the new (1985) statute controlled.[1] We granted an interlocutory appeal to consider this issue.

1. Statutes of limitation look only to the remedy and so are procedural. *George v. Gardner*, 49 Ga. 441, 450 (1873); *U.S. Fidelity & Guaranty Co. v. Toombs County*, 187 Ga. 544, 450 (1 SE2d 411) (1939).

2. Ordinarily, there is no constitutional impediment to giving retroactive effect to statutes that govern only procedure of the courts. *Pritchard v. Savannah R. Co.*, 87 Ga. 294 (13 SE 493) (1891);[2] *Allrid v. Emory Univ.*, 249 Ga. 35, 37 (285 SE2d 521) (1982).

3. However, there is no question of retroactivity here, as the amended (1985) version of OCGA § 9-3-71 was in effect at the time that the action was filed. There being no attack upon the validity of the amended statute, nothing in it compels the conclusion that the amended version should not apply to actions filed after its effective date.

4. As the alleged injury occurred within the times prescribed by the statute of limitations (OCGA § 9-3-71 (a)), and by the statute of repose, (OCGA § 9-3-71 (b)), the action was filed timely.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 1989.

*Tisinger, Tisinger, Vance & Greer, David H. Tisinger*, for appel-

---

[1] OCGA § 9-3-71, 1976 version: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred."

OCGA § 9-3-71 (a), 1985 version: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which the injury or death arising from a negligent or wrongful act or omission occurred."

[2] " 'The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties. . . . A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions. . . . No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defence in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy. [Cits.]' " 87 Ga. at 299.

lant.

　　*Custer & Phillips, Henry C. Custer, Julian Webb*, for appellee.