### Keith P. AUTHEMENT

v.

### HOLAN MANUFACTURING, INC. et al.

#### Civ. A. No. 92–1234.

United States District Court,
E.D. Louisiana.

Feb. 3, 1993.

Joseph Anthony LoCoco, Virginia Lynn LoCoco, LoCoco & LoCoco, Metairie, LA, for Keith P. Authement.

Michael Wayne White, Bell South Telecommunications, Inc., New Orleans, LA, for Bellsouth Telecommunications, Inc. (successor of and doing business as South Central Bell Telephone Company).

Christopher M. Trahan, Raggio, Cappel, et al., Lake Charles, LA, for Holan Mfg., Inc.

Carl Joseph Giffin, Jr., Robert Arnold Knight, Bernard, Cassisa, et al., Metairie, LA, James T. Foley, Foley & Boyde, Tyler, TX, for Constar Intern.

Paul Victor Cassisa, Jr., Carl Joseph Giffin, Jr., Robert Arnold Knight, Metairie, LA, for James J. Goldman.

## RULING ON MOTION

LIVAUDAIS, District Judge.

James J. Goldman, a former officer and director of defendant Dorsey Trailers Southeast, Inc. has filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed several memoranda opposing the motion.

### I. Factual Background

Plaintiff Keith P. Authement ("plaintiff"), a Louisiana resident, sustained injuries on or about October 3, 1991 as he dismounted from a bucket unit used to lift men doing work on utility lines. On July 13, 1992, plaintiff filed a Supplemental and Amending Petition which named the bucket unit manufacturer, Dorsey Trailers Southeast, Inc., as defendant.

Dorsey Trailers Southeast, Inc. was organized under the laws of the State of Georgia in 1979. In 1987, it sold its assets and the right to use the name "Dorsey" to Trailers Acquisition Corp. What had been known as Dorsey Trailers Southeast became known as DT Southeast, Inc. The company continued operating in order to wind up its affairs. It legally dissolved as a corporation under the laws of Georgia on September 21, 1988.

### II. Analysis

#### A. The Conflict of Laws

▮ The present action comes before this Court based on diversity of citizenship. See 28 U.S.C. § 1332(a). The threshold question before the Court is whether Louisiana corporations law or Georgia corporations law applies. In diversity cases, federal courts must apply the conflicts of law principles of the forum state. *Sandefer Oil & Gas v. AIG Oil Rig of Texas, Inc.,* 846 F.2d 319, 321 (5th Cir.1988). Therefore, this Court must look to Louisiana conflicts of law principles. "This entails a determination of state law as we believe the highest court in the state would view it." *Lone Star Industries, Inc. v. Redwine,* 757 F.2d 1544, 1548 n. 3 (5th Cir. 1985).

■ To date, the Louisiana Supreme Court has not decided whether to look at the forum state's law or the law of the state of incorporation when determining if a foreign corporation can be sued after it dissolves. However, *Lone Star* provides instruction here. In that case, the court determined that Louisiana courts "would apply the law of the state of incorporation in determining the viability of a corporation after dissolution." 757 F.2d at 1548 n. 3. Logically, this Court now finds that Louisiana courts would also apply the law of the state of incorporation to determine if a foreign corporation can be sued after dissolution. The Court therefore examines Georgia law in deciding whether plaintiff can maintain a suit against a dissolved corporation.

### B. Georgia Corporations Law
#### 1. Section 14–2–293 versus Section 14–2–1407

■ When DT Southeast, Inc. dissolved on September 21, 1988, the relevant Georgia law provided as follows:

> The dissolution of a corporation in any manner ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution, if action or other proceeding thereon is pending on the date of such dissolution or **is commenced within two years after the date of such dissolution.**

Ga.Code Ann. § 14–2–293 (emphasis added). Defendant argues that because it dissolved on September 21, 1988, plaintiff would have had to file suit by September 21, 1990 in order to preserve its cause of action. However, plaintiff did not sue defendant until July 13, 1992, and defendant therefore contends that the claim is barred by the two-year limitation period set forth in § 14–2–293.

What plaintiff and defendant both overlook is that the express language of § 14–2–293 does not apply at all to the facts of this case. That section applies only to "any right or claim existing, or liability incurred, **prior** to such dissolution ..." *Id.* (emphasis added). Plaintiff's injury in this case did not occur until three years **after** dissolution. However, for present purposes, this Court must determine how the Supreme Court of Georgia would have applied § 14–2–293 to a claim arising after dissolution. *See Lone Star,* 757 F.2d at 1548 n. 3.

The Court concludes that the Supreme Court of Georgia would have applied at least as limiting a restriction on post-dissolution claims as it would have on pre-dissolution claims. It would make no sense to say that claims arising before dissolution must be filed within two years after dissolution, and then say that claims arising after dissolution are not subject to the two-year limitation. This Court cannot think of any substantial reason why the Georgia Legislature would place a limit on claims that arise when a corporation is viable, and not place at least the same limit on claims that arise after that corporation has dissolved. Accordingly, the Court finds that § 14–2–293 also applied to claims arising after dissolution.

On July 1, 1989, however, a new law, codified as Ga.Code Ann. § 14–2–1407, took effect and replaced § 14–2–293. 1988 Ga. Laws 1319. Section 14–2–1407 addresses claims against corporations that have at least filed a notice of intent to dissolve, and that have then published the notice along with information on how claimants can proceed against the corporation. The provision sets forth a new limitations period:

> [A] claim not otherwise barred of a claimant whose claim is contingent or based on an event occurring after the filing of the notice of intent to dissolve is barred against the corporation, its shareholders, officers, and directors unless the claimant commences a proceeding to enforce the claim against the dissolved corporation **within two years after the date of filing of articles of dissolution or five years after the date of publication in accordance with subsection (b) of this Code section, whichever is later.**

Ga.Code Ann. § 14–2–1407 (emphasis added). Defendant argues that this provision

is inapplicable because it did not take effect until July 1, 1989, more than nine months after the defendant corporation dissolved. Plaintiff argues that § 14–2–1407 should apply retroactively, and that because plaintiff has five years from the publishing of the notice of intent in which to file suit, this Court should deny defendant's motion to dismiss at least until the Court receives evidence of the date of such publication.

### 2. Retroactive Application of Section 14–2–1407

 The Court now addresses whether § 14–2–1407 applies retroactively, or whether the old § 14–2–293 controls this case. In doing so, the Court examines how the Supreme Court of Georgia would interpret the new statute. *See Lone Star*, 757 F.2d at 1548 n. 3.

The general rule is that laws prescribe only for the future, and usually will not be given retrospective operation. They will be given a retrospective operation, however, when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose. It is last and always a question of legislative intent.

*Canton Textile Mills, Inc. v. Lathem*, 253 Ga. 102, 317 S.E.2d 189, 191 (1984). After reading § 14–2–1407 in its entirety, the Court finds no language to indicate that the Georgia legislature intended the provision to apply retroactively. The comment to § 14–2–1407 indicates that the new statute was designed to untangle the confusion generated by § 14–2–293. While plaintiff might argue that this comment is sufficient to determine that the legislature intended § 14–2–1407 to apply retroactively, the Court disagrees. Without a much clearer statement of legislative intent, and without even one Georgia court having dealt with this issue, this Court must follow the general rule set forth by the Supreme Court of Georgia and find that § 14–2–1407 applies only prospectively.

Accordingly,

IT IS ORDERED that defendant's motion to dismiss be and is hereby GRANT-ED, but that plaintiff's complaint shall be DISMISSED only with regard to defendant DT Southeast, Inc., f/k/a Dorsey Trailers Southeast, Inc.