1196

In re MULTIDISTRICT LITIGATION CONCERNING AIR CRASH DISASTER NEAR BRUNSWICK, GEORGIA APRIL 4, 1991

This Document Relates To: James H. POTTS, III; Diane Potts Roberts; and George E. Glaze, as personal representative of the Estate of Jackie S. Potts, Deceased

v.

UNITED TECHNOLOGIES CORPORATION; Embraer–Empresa Brasileira De Aeronautica, S.A.; and Pratt & Whitney Canada, Inc.

Civ. No. 1:94–CV–1420–WCO.
MDL No. 930.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 22, 1994.

Kirby Allen Glaze, George Henry Parker, III, Thomas Matthew Conway, Glaze, Glaze & Fincher, Jonesboro, GA, for plaintiffs.

Joseph Claude Freeman, Jr., Freeman & Hawkins, Atlanta, GA, Stephen B. Stegich, III, Condon & Forsyth, New York City, for defendant Embraer–Empresa Brasileira De Aeronautica, S.A.

Thomas J. Strueber, Prescott Nottingham, Lord, Bissell & Brook, Atlanta, GA, Francis H. Morrison, III, Day, Berry & Howard, Hartford, CN, for defendants United Technologies Corp. and Pratt & Whitney Canada, Inc.

### ORDER

O'KELLEY, Chief Judge.

The captioned case is before the court on various motions of the parties. These motions include the following: (1) a motion by defendant United Technologies Corporation ("UTC") and defendant Pratt & Whitney Canada, Inc. ("PWC") to dismiss or in the alternative for partial summary judgment [14–1; 14–2]; (2) plaintiffs' motion for oral argument [22–1]; and (3) defendant UTC's and defendant PWC's motion for leave to file amended motion and memorandum for summary judgment [23–1]. The parties have responded in opposition to these motions. Further, on December 20, 1994, the court heard oral arguments on the pending motions. The court considers the motions below.

*Factual Background*

The plaintiffs, the survivors and estate of Mrs. Jackie S. Potts, filed this lawsuit asserting wrongful death and survival claims arising from the crash of Atlantic Southeast Airlines ("ASA") Flight 2311 on April 5, 1991 near Brunswick, Georgia. This action was initially filed in the United States District Court for the District of Maryland and then was transferred to this court pursuant to the Rules of the Judicial Panel on Multidistrict Litigation.

Prior to filing the instant action, the plaintiffs filed a substantially similar action in the United States District Court for the Northern District of Georgia, bearing case number 1:93–cv–663–WCO. In its order of September 23, 1994, the court, *inter alia*, granted summary judgment against the plaintiffs in favor of UTC and PWC in case number 1:92–cv–663–WCO, 158 F.R.D. 693.

In the instant action, defendants UTC and PWC have moved the court to dismiss the plaintiffs' action or, in the alternative, to grant summary judgment against the plaintiffs. In response, the plaintiffs have argued that the court should deny the defendants' motion and allow this action to proceed. The court addresses these motions below.

*Plaintiffs' Motion for Oral Argument*

Because the court has now heard argument from the parties concerning pending motions, the plaintiffs' request for oral argument is hereby GRANTED.

*Defendants' Motion for Leave to File*

Defendants UTC and PWC have moved the court for leave to file an amended motion and memorandum for summary judg-

ment. Further, defendants filed a proposed amended motion and memorandum concurrently with their motion for leave to file. In response, the plaintiffs have filed a response in opposition to the proposed amended motion. Because the plaintiffs have not filed any opposition to the amendment and because the court finds that allowing the amendment will further the goal of conserving judicial resources, the defendants' motion for leave to file is hereby GRANTED. The court will consider the parties' new arguments in conjunction with the defendants' original motion to dismiss in the court's analysis below.

*Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*

Defendants UTC and PWC have moved the court for a grant of summary judgment against the plaintiffs. The plaintiffs have responded in opposition to this motion. The court considers the motion below.

The defendants have moved the court to dismiss plaintiffs' action or to grant summary judgment on three separate grounds. These grounds are as follows: (1) that the court lacked subject matter jurisdiction over this action because of the first-filed Georgia case, 1:93–cv–663–WCO; (2) that the Georgia statute of limitations precludes plaintiffs' wrongful death claims in the instant action; and (3) that the court's grant of summary judgment in case number 1:93–cv–663–WCO acts as a bar to the instant action under the doctrine of *res judicata*. The court addresses each of these contentions below.

■ The court first addresses the defendants' argument that the court lacks subject matter jurisdiction over the instant action. The defendants' argument is based upon the "first-in-time" rule. The defendants have argued that due to the plaintiffs' prior pending lawsuit, the present action should be barred under the "first-in-time" rule. Under this rule, whenever similar claims exist in two separate lawsuits, the first-filed action will normally proceed, and the second-filed action is normally either enjoined from further proceedings or dismissed entirely. *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1824); *see also Kerotest Mfg. Co. v. C–*

*O–Two Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir.1970). This rule, however, is not an absolute, rigid standard, *Microsoftware Computer Sys. v. Ontel Corp.*, 686 F.2d 531 (7th Cir.1982), and is a matter of equitable discretion. *Kerotest Mfg. Co.*, 342 U.S. at 183, 72 S.Ct. at 221. In this case, the court has previously granted summary judgment to the defendants in the first-filed case. Therefore, the court finds that there is no need to enjoin or stay the present case under the first-to-file rule. Further, the court dismissed the prior action on a statute of limitations ground which resolved the prior case at a very early stage. Therefore, the court will exercise its discretion and address the defendants' other arguments for dismissal. Therefore, the defendants' motion for dismissal on this ground is hereby DENIED.

■ The court next addresses defendants' argument concerning the application of the Georgia statute of limitations. The defendants contend that Maryland choice of law principles dictate the application of the Georgia statute of limitations in this action. The plaintiffs contend that the applicable statute of limitations is the three-year period under Maryland law. The court addresses the defendants' arguments below.

Section 3–903 of the Maryland wrongful death statute provides in part:

(a) Application of substantive law of another state.—If the wrongful act occurred in another state, the District of Columbia, or a territory of the United States, a Maryland court shall apply the substantive law of that jurisdiction.

Md.Code Ann.Ct. & Jud.Proc. § 3–903. Based on this statutory provision, the defendants contend that Georgia's two-year statute of limitations applies in this action to bar plaintiffs' claims.

The defendants argue that the Georgia two-year statute of limitations is substantive in nature in the context of wrongful death actions. *See* O.C.G.A. § 9–3–33. In response, the plaintiffs have argued that all statutes of limitations are procedural under

Georgia law. After careful consideration, the court agrees with defendants.

■ Although the Georgia Supreme Court has stated that "[s]tatutes of limitation look only to the remedy and so are procedural ...," *Hunter v. Johnson,* 259 Ga. 21, 22, 376 S.E.2d 371 (1989), this does not end the court's inquiry. In the instant case, the plaintiffs' complaint is based, in part, on Georgia's wrongful death statute. *See* O.C.G.A. § 51–4–2. Georgia's wrongful death cause of action was statutorily created and did not evolve from common law. *See Miles v. Ashland Chemical,* 261 Ga. 726, 728, 410 S.E.2d 290 (1991) (citing *Ford Motor Co. v. Carter,* 239 Ga. 657, 658, 238 S.E.2d 361 (1977), and *Taylor v. Murray,* 231 Ga. 852, 854, 204 S.E.2d 747 (1974)). Because this cause of action was not available at common law, it must be strictly construed. *Id.*

To that end, the Georgia Supreme Court has addressed the effect of statutes of limitations on causes of action not known to the common law. *Taylor v. Murray,* 231 Ga. 852, 204 S.E.2d 747 (1974). In that case, the court held that in cases involving such causes of action, "the [statute of] limitation is ... a qualification or condition upon the cause of action itself, imposed by the power creating the right, and not only is the action barred, but the cause of action itself is extinguished, upon the expiration of the limitation period." *Id.* at 853, 204 S.E.2d 747. The court further stated that "the reason why the lapse of time, prescribed by the statute creating the cause of action precludes an action thereon in other jurisdictions is that it extinguishes the cause of action itself." *Id.* Because the cause of action is extinguished, "the application of the [statute of limitations of the] lex loci in such cases is not really in derogation of the general rule that, where there is a conflict between the statute of limitation of the forum and one of the place where the cause of action arose, the former governs." *Id.* Based on this analysis, the court finds that, in wrongful death actions, the Georgia statute of limitations constitutes substantive law under Maryland's choice of law rules and serves as the applicable statute of limitations in this action.

Because the court has found that the Georgia statute of limitations applies to this action, the court now evaluates the effect of this finding. This action was filed on February 10, 1994, more than two years after the aircraft accident that is the subject of this action. Therefore, the court finds that plaintiffs' wrongful death claims are barred under the Georgia statute of limitations, and defendants' request for partial summary judgment on this ground is hereby GRANTED.

■ Finally, the court addresses defendants' argument that this action should be dismissed on the ground of *res judicata.* For *res judicata* to apply, the following three elements must be present: (1) the parties must be the same or in privity with the original parties; (2) the claims in the subsequent litigation must be substantially the same as those in the prior litigation; and (3) the earlier litigation must have resulted in a final judgment on the merits. *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1179 (4th Cir. 1989). In this case, only the third element is in contention. The court finds that its earlier grant of summary judgment in the prior filed action acts as a judgment on the merits.

■ Federal Rule of Civil Procedure 41 provides in part:

Rule 41. Dismissal of Actions

   (b) Involuntary Dismissal: Effect Thereof.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of subject matter jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Numerous courts have held that a Rule 41(b) limitations dismissal is a judgement on the merits." *Shoup,* 872 F.2d at 1180 (collecting cases). Among these holdings is that of the former Fifth Circuit Court of Appeals in the case of *Mathis v. Laird,* 457 F.2d 926 (5th 1972).[1] In that case, the court held that "[a] ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes." *Id.* at 927. It is also well established that "[w]hen

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a federal court sitting in diversity examines the collateral estoppel or res judicata effect of a prior federal judgment, based either on diversity or a federal question, it must apply federal common law." *Precision Air Parts, Inc. v. Avco Corporation,* 736 F.2d 1499, 1503 (11th Cir.1984). Therefore, because the court's dismissal in the prior-filed case was on the merits, the plaintiffs are barred from further prosecuting this action under the doctrine of *res judicata.*

■ Finally, the court considers an argument that was raised for the first time by the plaintiffs at the December 20, 1994 oral argument hearing. At that hearing, the plaintiffs argued that *res judicata* is an affirmative defense under Federal Rule of Civil Procedure 8(c) and, therefore, that the defendants had waived any such defense because they had neither asserted it in their original answer, nor had they moved the court to allow amendment of their answer to assert this defense. In response, the defendants argued that plaintiffs had received proper notice through their amended motion for summary judgment and, in the alternative, moved the court for permission to amend their answer to include such a defense.

After careful consideration, the court finds that defendants have not waived the affirmative defense of *res judicata.* "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir.1989) (citing *Blonder–Tongue Lab., Inc. v. University of Illinois Found.,* 402 U.S. 313, 350, 91 S.Ct. 1434, 1453–54, 28 L.Ed.2d 788 (1971)). In *Grant,* the court held that "if a plaintiff receives notice of an affirmative defense by some other means than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" 885 F.2d at 797. In this action, the defendants' amended motion for summary judgment also fulfills the purpose of Rule 8(c). The defendants' motion clearly and directly addressed

the issue of *res judicata* and was filed within three weeks time of the court's order in the related Georgia case, Civil No. 1:93–cv–663–WCO, 158 F.R.D. 693. Therefore, the court finds that the defendants asserted the defense of *res judicata* in a timely manner which provided ample time for plaintiffs to respond. As further evidence of a lack of prejudice, the court notes that the plaintiffs did not object to the defendants' motion for leave to amend, nor did they raise the issue of waiver in their response. Therefore, the plaintiffs' arguments on this ground are rejected.

Because the court has found that plaintiffs' claims are barred under the doctrine of *res judicata* and because the court has rejected plaintiffs' claims of waiver, the defendants' motion for summary judgment on this ground is hereby GRANTED.

*Conclusion*

In conclusion, the court makes the following conclusions. The plaintiffs' motion for oral argument is hereby GRANTED [22–1]. The defendants' motion for leave to file is hereby GRANTED [23–1]. The defendants' motion for dismissal or, in the alternative, for summary judgment is hereby GRANTED [14–1; 14–2].

IT IS SO ORDERED.