## A98A0914. McNEAL CONSTRUCTION COMPANY et al.
### v. WILSON.
(509 SE2d 742)

RUFFIN, Judge.

Robbie Wilson, as executrix of the estate of Thelma McNeal, sued McNeal Construction Company and Roy F. McNeal (McNeal) to recover on certain promissory notes executed by McNeal Construction Company and guaranteed by McNeal. The trial court granted plaintiff's motion for summary judgment, and the defendants appeal, contending that the action is barred by the statute of limitation. Because this contention is without merit, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The parties have stipulated the relevant facts. On December 1, 1986, McNeal Construction Company executed a promissory note in favor of Thelma McNeal in the principal amount of $100,000, bearing interest at the rate of 12 percent per year. On December 1, 1989, McNeal Construction Company executed a second promissory note in favor of Thelma McNeal, also in the principal amount of $100,000 and bearing interest at the rate of 12 percent per year. Roy McNeal personally guaranteed payment of both notes. Each note provided that it would not be due and payable unless a written demand for payment was made upon McNeal Construction Company. McNeal Construction Company made regular payments on the notes, apparently of interest only, until April 1991, but made no payments thereafter. Plaintiff did not make a written demand for payment until November 17, 1995.

Plaintiff filed her complaint on July 31, 1996, and both sides filed motions for summary judgment. On November 10, 1997, the trial court granted plaintiff's motion for summary judgment and denied defendants' motion. In their sole assertion on appeal, defendants contend that the action is barred by the statute of limitation.

The statute of limitation on an instrument not under seal is six years after the instrument becomes due and payable. OCGA § 9-3-24. When the notes at issue were executed in 1986 and 1989, OCGA § 11-3-122 (1) (b) provided that a cause of action upon a demand note accrued "upon its date or, if no date is stated, on the date of issue." If this statute were applicable to the present case, the statute of limitation on both notes would have expired before suit was filed.

However, "[e]ffective July 1, 1996, the UCC's Commercial Paper

provisions were amended. See Ga. L. 1996, p. 1306, § 3. These amendments significantly extended the limitation period for actions on demand notes. OCGA § 11-3-118 (b) now provides in pertinent part that 'if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand.'" *Johnson v. Hodge*, 223 Ga. App. 227, 228 (1) (477 SE2d 385) (1996). If this provision is applicable, then this action would not be time-barred, since it was filed within six years of the November 1995 demand.

Defendants contend that the amended statute of limitation should not apply in this case. They rely on *Johnson*'s holding that, because OCGA § 11-3-118 contained no language requiring retroactive application, the statute was not intended to be given such application. Id. However, it is not necessary to resolve this issue here, as this case does not involve retroactive application of the statute. Unlike *Johnson*, where the lawsuit was filed five years before the effective date of the amendment, this action was filed *after* the effective date of the amendment. In *Hunter v. Johnson*, 259 Ga. 21, 22 (376 SE2d 371) (1989), after noting that statutes of limitation are procedural and thus subject to retroactive application, the Supreme Court stated that "there is no question of retroactivity here, as the amended . . . version of OCGA § 9-3-71 was in effect at the time that the action was filed. There being no attack upon the validity of the amended statute, nothing in it compels the conclusion that the amended version should not apply to actions filed after its effective date." Id. Similarly, because this case was filed after the effective date of the amendment, no question of retroactivity is presented.

The fact that the former statute of limitation had expired before the effective date of the amendment does not change this result because a party has no vested interest in a statute of limitation. See *Canton Textile Mills v. Lathem*, 253 Ga. 102, 104-105 (1) (317 SE2d 189) (1984). In *Canton Textile Mills*, the Supreme Court held that "the legislature may revive a workers' compensation claim which would have been barred by a previous limitation period by enacting a new statute of limitation, without violating our constitutional prohibition against retroactive laws." Id. at 105 (1). In so holding, the Court rejected the principle that "a statute of limitation, once it has run, becomes vested and is as valuable to the one party as the right to demand or prosecute the suit is to the other." Id. at 104 (1). The Court adopted the holding of the U. S. Supreme Court in *Campbell v. Holt*, 115 U. S. 620 (6 SC 209, 29 LE 483) (1885), that "in actions on contract, or in any class of actions in which a party does not become [vested] with title to property by the statute of limitations, the legislature may by repealing the statute, even after the right of action is

barred, restore the remedy and divest the other party of the statutory bar." *Canton Textile Mills*, supra at 104-105 (1).

The same reasoning was expressed in *Hunter*, where the Supreme Court held that " ' "[n]o person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defence in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy. (Cits.)" ' [Cit.]" *Hunter*, supra at 22, n. 2.

For the above reasons, the amended version of OCGA § 11-3-118 (b) applies in this case, and the action was therefore timely filed. Because the statute of limitation is the only issue raised by appellant, the ruling of the trial court must be affirmed.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 25, 1998 —
RECONSIDERATION DENIED DECEMBER 15, 1998

*H. David Moore, Lisa R. Coody*, for appellants.
*Westmoreland, Patterson & Moseley, Kirby R. Moore, Bradley G. Pyles*, for appellee.