S99G0517. McNEAL CONSTRUCTION COMPANY et al.
v. WILSON.
(522 SE2d 222)

BENHAM, Chief Justice.
Appellant McNeal Construction Company executed two promissory notes in favor of Thelma McNeal, one on December 1, 1986, and the other on December 1, 1989. Appellant Roy McNeal personally guaranteed the notes. Both notes were in the amount of $100,000, bore interest at the rate of 12 percent per year, and were payable on demand. Appellant McNeal Construction Company made regular interest payments on the notes until April 1991. Appellee Robbie Wilson, executrix of the estate of Ms. McNeal, made a written demand for payment on November 17, 1995. On July 31, 1996, Wilson filed suit for recovery on the notes after payment had still not

been received.

At the time the notes were executed, OCGA § 11-3-122 (1) (b) provided that a cause of action on a demand note accrued on the date on its face or, if no date specified, on the date issued. OCGA § 9-3-24 (1996) provided that suits upon promissory notes must be brought within six years after the same became due and payable. However, OCGA § 11-3-118 was amended, effective July 1, 1996, to provide that actions brought to enforce the obligations of makers of demand notes had to be commenced within six years after the demand for payment.

Both sides filed motions for summary judgment. The trial court granted Wilson's motion for summary judgment and denied appellants' motion for summary judgment, holding that the statute of limitation did not begin to run until Wilson made the demand for payment. The Court of Appeals of Georgia affirmed the trial court's decision, holding that the amended version of OCGA § 11-3-118 was applicable because the action was filed after the statute had been amended, even though under the previous statute Wilson's action was time-barred. *McNeal Constr. Co. v. Wilson*, 235 Ga. App. 759 (509 SE2d 742) (1998). This Court granted appellants' petition for a writ of certiorari on the following question:

> Whether the Court of Appeals erred in holding that OCGA § 11-3-118 (b) applies even to claims which had expired before its effective date? See *Brown v. Brown*, 269 Ga. 724 (2) (506 SE2d 108) (1998). Compare *Hunter v. Johnson*, 259 Ga. 21 (376 SE2d 371) (1989); *Hollingsworth v. Hubbard*, 184 Ga. App. 121 (361 SE2d 12) (1987).

Appellants argue that OCGA § 11-3-118 should not be applied retroactively to revive Wilson's previously time-barred claim. Statutes of limitation should not be applied retroactively unless the legislature expressly provides for retroactive application or unless the examination of the statute as a whole clearly demonstrates an intent by the legislature for retroactive application. *Canton Textile Mills v. Lathem*, 253 Ga. 102, 103 (317 SE2d 189) (1984). In *Johnson v. Hodge*, 223 Ga. App. 227, 229 (477 SE2d 385) (1996), the Court of Appeals observed that OCGA § 11-3-118 contains no legislative language requiring retroactive application.

Wilson does not dispute the principle that legislative intent must be clear before a statute is applied retroactively. Instead, Wilson contends that OCGA § 11-3-118 was not retroactively applied because her action was filed after the statute's effective date, even though her action was time-barred at the time the statute was enacted. Thus, Wilson asserts that retroactive application of the statute is not an

issue in this matter. In making this contention, Wilson relies in part on this Court's ruling in *Hunter v. Johnson,* supra. We find that *Hunter* is distinguishable from the instant case and reverse the ruling of the Court of Appeals.

In *Hunter,* the plaintiff brought a medical malpractice action in 1987 alleging that she was negligently treated in 1984, which necessitated her having major surgery in 1985. Between the time of the negligent treatment and the time the suit was filed, the statute of limitation was changed so that malpractice actions could be brought within two years of the injury rather than within two years of the negligent treatment. This Court held that there was no question of retroactivity because the new statute was in effect at the time the action was filed. Id. at 21. However, that case is distinguishable from the instant case in that the action in *Hunter* was not yet barred at the time the new statute of limitation was enacted. This distinction is significant since in *Hunter* the plaintiff's time to file suit was merely extended, while in the instant case appellee seeks to revive her time-barred cause of action.

While the Court in *Hunter* did not elaborate on its reasons for declaring there was no question of retroactivity, we believe that the fact that the time for filing the action had not yet run was central in its decision. In *Hollingsworth v. Hubbard,* supra, the Court of Appeals held that a newly enacted statute of limitation, though not retroactive, should be applied to an action barred under a previous statute of limitation where the time for bringing the action had not expired under the previous statute at the time the new statute was enacted. Similarly, in *Loveless v. Grooms,* 180 Ga. App. 424 (349 SE2d 281) (1986), the Court of Appeals held that a newly enacted statute of limitation should not be applied retroactively to an action that was barred under a previous statute at the time the new statute was enacted. The court emphasized that a statute should not be applied retroactively unless the *"language of the statute imperatively requires it."* (Emphasis in original.) Id. at 425. Finding no language in the statute evidencing the legislative intent for retroactive application of the statute, the court held the new statute should not "operate to breathe new life into the plaintiffs' previously expired cause of action." Id.

The application of a newly amended statute to an action that was barred under a previous statute of limitation must necessarily be retroactive. Otherwise, there would be little need for the legislature to pass retroactive legislation since any time-barred party would be able to file suit after the statute was amended. If we were to accept Wilson's contention that there is no question of retroactivity when any suit is filed after a statute's effective date, the potential negative effects on business activities would be far reaching. For

instance, parties with claims on demand notes long since barred under OCGA § 11-3-122 (1) (b) would be able to bring actions to collect on the demand notes simply by making a demand, wreaking havoc on businesses that have made commitments and plotted strategies based upon their reasonable belief that the prior debts have been discharged. These potential destabilizing effects are not limited to actions involving statutes of limitation governing recovery on demand notes, but would necessarily apply to any action where a statute of limitation is involved.

Thus, we conclude that this action is barred using this Court's rationale in *Brown v. Brown*, supra. In *Brown*, an ex-wife brought an action in May 1997 to recover unpaid alimony owed in 1987 and 1988. Under OCGA § 9-12-60, which provides that a judgment becomes dormant after seven years, and OCGA § 9-12-61, which provides that a dormant judgment may be renewed or revived within three years after a judgment becomes dormant, the ex-wife's claims for alimony owed prior to May 1987 became unenforceable. However, effective July 1, 1997, OCGA § 9-12-60 was amended so that the statute would not apply to judgments for child or spousal support. This Court held that the amended version of OCGA § 9-12-60 should not be applied retroactively to revive the ex-wife's judgment, stating as follows:

> The general rule is that statutes which remove a time-bar to the initiation of legal claims will be given a retrospective application only "when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose. It is at last and always a question of legislative intent. [Cit.]"

*Brown*, 269 Ga. at 726.

Finally, Wilson cites *Canton Textile Mills*, supra, for the proposition that a party does not have a vested interest in a statute of limitation. She argues that not allowing her to proceed with her action would be tantamount to declaring that appellants do have a vested interest in a statute of limitation. We do not agree with that contention. Our holding is only that the legislature did not intend the application of the new statute of limitation at issue here to be retroactive, not that the legislature could not provide for retroactive application if it chose to do so.

Since this action was barred under OCGA § 11-3-122 (1) (b) at the time OCGA § 11-3-118 was amended and there is no evidence that the legislature intended OCGA § 11-3-118 to operate retroactively, the ruling of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Groover & Childs, Denmark Groover, Jr., H. David Moore, Lisa R. Coody,* for appellants.

*Westmoreland, Patterson & Moseley, Kirby R. Moore, Bradley G. Pyles,* for appellee.