A06A2381. DAVIS v. LUGENBEEL.
(642 SE2d 337)

PHIPPS, Judge.

To recover damages for injuries sustained in a vehicular collision in 2002, Vanessa Davis brought a complaint against Shenandoah Lugenbeel before July 1, 2003, and then filed a notice of voluntary dismissal without prejudice. After July 1, 2003, Davis brought a second and then third complaint against Lugenbeel to recover damages for the same injuries. With regard to the second complaint, Davis also filed a voluntary dismissal without prejudice. Lugenbeel moved to dismiss the third complaint under OCGA § 9-11-41 (a) (3) as amended effective July 1, 2003, on the ground that Davis's voluntary dismissal of the second complaint operated as an adjudication on the merits. Davis appeals the superior court's grant of Lugenbeel's motion to dismiss. We reverse.

OCGA § 9-11-41 (a) (1) and (2) set forth procedures for the voluntary dismissal of actions. Subsection (a) (3) provides that such a dismissal is without prejudice, "except that the filing of a second notice of dismissal operates as an adjudication upon the merits."[1] Under subsection (a) (3) prior to its 2003 amendment, a voluntary dismissal did not, however, become an adjudication on the merits until the filing of the "third" notice of dismissal.[2] In enacting the 2003

[20] 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).
[1] See *Ford v. Tycam Home Builders*, 267 Ga. App. 581, n. 1 (601 SE2d 133) (2004).
[2] See id.

amendment, the General Assembly provided that it "shall apply to all civil actions filed on or after July 1, 2003."[3]

In granting Lugenbeel's motion to dismiss, the trial court reasoned that even though Davis's first action was filed before July 1, 2003, the dismissal of her second action resulted in an adjudication on the merits because it was filed after July 1, 2003. Davis argues that, in so ruling, the trial court gave the 2003 amendment an unauthorized and unintended retroactive effect. We agree.

In determining whether a law is to be given retroactive as well as prospective effect, we distinguish between substantive and procedural law. "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations."[4] "Although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only."[5] Therefore,

> [g]enerally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. On the other hand, where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. Retroactive effect is also given to statutes affecting the remedy only rather than the right to which the remedy attaches.[6]

A statute such as OCGA § 9-11-41 (a) (3), establishing the number of times a plaintiff may voluntarily dismiss an action without the dismissal resulting in an adjudication on the merits, is certainly procedural in nature. But divestment of an accrued cause of action unquestionably affects a substantive right. Insofar as determining its constitutionally permissible retroactive effect, OCGA § 9-11-41 (a) (3) is thus analogous to a statute of limitation or repose.

> [S]tatutes of repose look only to remedy and not to substantive rights, and thus *under certain conditions can be applied retroactively*. Indeed, statutes of repose may be applied

---

[3] Ga. L. 2003, pp. 820, 828, § 9.

[4] *Polito v. Holland*, 258 Ga. 54, 55 (3) (365 SE2d 273) (1988) (citations omitted).

[5] *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980) (citation omitted).

[6] *Reid v. Reid*, 232 Ga. App. 304, 305 (502 SE2d 269) (1998) (citations and punctuation omitted).

retroactively to cut short previously accrued causes of action, *so long as plaintiffs have had an adequate opportunity to bring their lawsuit prior to losing their previously vested rights.*[7]

"Furthermore, the Supreme Court of Georgia has held that there is no question of improper retroactive application of a statute of repose where the statute is in effect at the time the action is filed."[8]

By making the 2003 amendment to OCGA § 9-11-41 (a) (3) applicable only to civil actions filed on or after July 1, 2003, the General Assembly obviously intended not to give the amendment retroactive effect. Constitutionally, the General Assembly could not have applied the amendment to actions filed before its effective date if to do so would divest the plaintiff of an accrued cause of action. Thus, if a plaintiff's second renewal of her original lawsuit (i.e., her third suit) had been pending when the 2003 amendment took effect, the amendment could not have been applied to require its dismissal on the ground that under the 2003 amendment dismissal of the first renewal (i.e., second suit) constituted an adjudication on the merits. The 2003 amendment can, however, be applied constitutionally where, as here, the first and second renewals (i.e., the second and third suits) were filed after the effective date of the amendment. The question which this case presents is whether that was the legislative intent. On that question, we find an ambiguity.

OCGA § 9-11-41 (a) (3) involves what may be referred to as serial litigation, that is successive lawsuits based on the same claim against the same defendant. The first complaint represents the original lawsuit or action; subsequent complaints are renewals of it. The cause of action, however, remains the same.[9] In this sense, the original lawsuit and the renewals are all part of the same civil action. Because Davis filed her original suit before July 1, 2003, the 2003 amendment can be interpreted as not applying to the series of litigation that forms this action. On the other hand, if the renewal suits are considered separate actions in their own right, as opposed to simply a renewal of the original, then the 2003 amendment would apply to Davis's renewal suits but not to her original suit because only

---

[7] *Trax-Fax v. Hobba*, 277 Ga. App. 464, 470-471 (2) (b) (627 SE2d 90) (2006) (citations and punctuation omitted; emphases supplied); see also *McNeal Constr. Co. v. Wilson*, 235 Ga. App. 759 (509 SE2d 742) (1998) (holding that legislature may revive a claim that would have been barred by a previous statute of limitation as a statute of limitation that has run does not become vested, as does the right to prosecute the suit), rev'd on other grounds, 271 Ga. 540 (522 SE2d 222) (1999) (holding that legislative revival of time-barred claim, though permissible, constitutes retroactive application of newly enacted statute and was not intended in that case).

[8] *Trax-Fax*, supra at 471 (citation omitted).

[9] See *Harris v. Sampson*, 162 Ga. App. 241 (290 SE2d 165) (1982).

the original suit was filed before July 1, 2003. Under this interpretation of the statute, Davis's third action would be barred.

OCGA § 9-11-41 is itself somewhat ambiguous on the question of whether successive complaints by the same plaintiff against the same defendant on the same claim are separate actions or separate suits in the same action. In this regard, OCGA § 9-11-41 (d) states that if a plaintiff who has dismissed "an action" in any court commences "an action" based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of "the action previously dismissed." But OCGA § 9-11-41 (e) provides that when "an action" is automatically dismissed for want of prosecution, if the plaintiff recommences "the action" within six months following the dismissal then "the renewed action" shall stand upon the same footing, as to limitation, with "the original action."

Given these ambiguities, we interpret the 2003 amendment to OCGA § 9-11-41 (a) (3), which is part of the Civil Practice Act, liberally to bring about a decision on the merits in the case.[10] So interpreted, the 2003 amendment does not apply here because this civil action was initiated by the filing of the original complaint before July 1, 2003. Consequently, the trial court erred in granting Lugenbeel's motion to dismiss. Accordingly, we deny Lugenbeel's motion for imposition of sanctions against Davis for filing a frivolous appeal.

*Judgment reversed. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 20, 2007 — ▉▉▉▉▉▉▉▉▉▉

*Morris L. Richman*, for appellant.

*Gilliland, Ratz & Browning, Robert W. Browning, Jabari C. Hill*, for appellee.

---

[10] See *Ambler v. Archer*, 230 Ga. 281, 286-287 (1) (196 SE2d 858) (1973); compare *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005) (where language of statute is plain and susceptible to only one natural and reasonable construction, courts must construe statute accordingly).