A08A0769. SHY v. FANIEL et al.
(663 SE2d 841)

BERNES, Judge.

After voluntarily dismissing her first two complaints against Teneisha A. Faniel and Tara P. Smith for injuries allegedly sustained in a vehicle accident, Jenita Shy filed a third complaint. Concluding that the suit was statutorily unauthorized, the trial court dismissed the complaint. Because dismissal was improper, we reverse.

On December 27, 1999, appellee Faniel was the driver of a vehicle involved in an accident. Appellee Smith had rented the vehicle and allegedly authorized Faniel to drive it. Appellant Shy was a passenger in the vehicle and claimed that she sustained injuries as the result of the accident.

---

Because the statute of limitation for personal injury actions is two years, OCGA § 9-3-33, the limitation period for a negligence action arising out of the motor vehicle accident expired on December 27, 2001. On December 17, 2001, appellant filed a complaint against appellees seeking recovery for the injuries she allegedly sustained in the motor vehicle accident (the "First Complaint"). For reasons unclear from the record, on December 21, 2001, appellant filed a second complaint against appellees raising the same allegations (the "Second Complaint").[1]

On June 15, 2004, appellant filed a "Dismissal Without Prejudice" of the Second Complaint. On September 7, 2004, appellant filed two separate notices voluntarily dismissing the First Complaint: the first notice was a "Dismissal Without Prejudice" of the First Complaint as against appellees; the second notice was a "Dismissal With Prejudice" of the First Complaint as against Merastar Insurance Company, which apparently was appellant's uninsured motorist carrier.

Within six months of voluntarily dismissing the first two complaints, appellant filed a third complaint against appellees, again raising the same allegations concerning the motor vehicle accident (the "Third Complaint"). Appellees filed a motion to dismiss the Third Complaint, or in the alternative, a motion for summary judgment. Among other things, appellees contended that the current action was not a proper renewal action under OCGA § 9-2-61 (a) and that the Third Complaint ought to be dismissed on the ground that the second voluntary dismissal had operated as an adjudication on the merits under OCGA § 9-11-41 (a) (3). The trial court subsequently dismissed the Third Complaint on these statutory grounds, resulting in this appeal.

1. Appellant maintains that the trial court erred in dismissing the Third Complaint based on OCGA § 9-2-61 (a). We agree.

OCGA § 9-2-61 (a) authorizes the renewal of a dismissed action within the applicable statute of limitation or within six months of the dismissal, whichever is later. If the dismissal occurs after the limitation period has expired, however, "this privilege of renewal shall be exercised only once." OCGA § 9-2-61 (a).

The trial court treated appellant's filing of her Second Complaint as a renewal action under OCGA § 9-2-61 (a). As a result, the trial court ruled that appellant's subsequent filing of her Third Complaint was a statutorily unauthorized attempt to renew the action a second time.

---

[1] Appellant retained new counsel subsequent to the filing of the Second Complaint.

The trial court erred in concluding that the filing of the Second Complaint was a renewal action. The unusual procedural history of this case reflects that the Second Complaint was filed within days of the First Complaint while the First Complaint remained pending, and both complaints were filed within the applicable limitation period. As such, the filing of the Second Complaint was not the "renewal" of a previously dismissed action, but rather the filing of a duplicate action. Consequently, the filing of the Third Complaint was the appellant's first renewal action and thus was authorized under OCGA § 9-2-61 (a). Compare *Worley v. Pierce*, 211 Ga. App. 863, 864-865 (1) (440 SE2d 749) (1994).

2. Appellant further contends that the trial court erred in dismissing the Third Complaint based on OCGA § 9-11-41 (a). Again, we agree.

OCGA § 9-11-41 (a) (2003) sets out the procedural rules applicable to the voluntary dismissal of a complaint. Subsection (a) (3) states that such a dismissal is without prejudice, "except that the filing of a second notice of dismissal operates as an adjudication upon the merits." OCGA § 9-11-41 (a) (3) (2003). Notably, however, prior to its amendment in 2003, subsection (a) provided that a voluntary dismissal was not an adjudication on the merits until the filing of a *third* notice of dismissal. See OCGA § 9-11-41 (a) (2002). In enacting that amendment, the General Assembly stated that the amended version of the statute would "apply to all civil actions filed on or after July 1, 2003." Ga. L. 2003, pp. 820, 828, § 9.

The trial court ruled that because appellant's Third Complaint was filed after July 1, 2003, the current version of OCGA § 9-11-41 (a) applies. As such, the trial court held that appellant's second voluntary dismissal of her complaint had operated as an adjudication on the merits under OCGA § 9-11-41 (a) (3) so as to bar on res judicata grounds the filing of the Third Complaint.

The trial court erred based on the recent case of *Davis v. Lugenbeel*, 283 Ga. App. 642 (642 SE2d 337) (2007). In *Davis*, 283 Ga. App. at 644-645, we held that the current version of OCGA § 9-11-41 (a) applies only to cases where the original, first-filed complaint was filed on or after July 1, 2003. Here, the First Complaint was filed before July 1, 2003, and so under the rule enunciated in *Davis*, the pre-amendment version of OCGA § 9-11-41 (a) applies. Accordingly, appellant's second voluntary dismissal of her complaint did not operate as an adjudication on the merits, and the trial court erred in dismissing the Third Complaint on that ground.

3. Appellees nevertheless contend that the trial court should be affirmed under the right for any reason rule. See *Pryor Organization v. Stewart*, 274 Ga. 487, 489 (2) (554 SE2d 132) (2001) ("[A] judgment that is right for any reason should be affirmed. . . ."). According to appellees, appellant voluntarily dismissed the First Complaint and Second Complaint with prejudice because "[e]ach dismissal proclaimed on its face that it was with prejudice." Consequently, appellees contend that the voluntary dismissals were judgments on the merits that barred the current action on res judicata grounds. See *Fowler v. Vineyard*, 261 Ga. 454, 456 (2) (405 SE2d 678) (1991).

The notices of dismissal do not support appellees' contention. As previously discussed, appellant simultaneously filed two separate notices of voluntary dismissal of the First Complaint: one notice stated that it was a "Dismissal Without Prejudice" as to the appellees; the other notice stated that it was a "Dismissal With Prejudice" as to Merastar. Taken together, these two notices clearly show that appellant intended to voluntarily dismiss her claims against appellees without prejudice. The fact that appellant chose to dismiss her claims against Merastar with prejudice does not change this result. See *Mateen v. Dicus*, 286 Ga. App. 760, 761 (2) (650 SE2d 272) (2007) (voluntary dismissal with prejudice of one specific defendant does not extend to other defendants). Likewise, the record shows that the Second Complaint was voluntarily dismissed on June 15, 2004, with the notice of dismissal plainly stating that the dismissal was "[w]ithout [p]rejudice." Hence, appellees' contention that the notices of dismissal proclaimed that the dismissals were with prejudice lacks merit. It follows that the voluntary dismissals did not constitute judgments on the merits for res judicata purposes.

4. Finally, appellees argue that the trial court should be affirmed under the right for any reason rule because appellant is seeking to renew a void action. Appellees assert that in filing her Third Complaint, appellant was attempting to renew the second suit filed on December 21, 2001, a suit which they argue was void because service was never perfected on them.

It is true, as appellees argue, that the privilege of renewal does not extend to void cases, and that the original suit is void if service was never perfected. See *Garcia v. Virden*, 236 Ga. App. 539, 540 (512 SE2d 664) (1999). But we disagree with appellees' assertion that appellant was attempting to renew the second suit filed on December 21, 2001. Instead, appellant's Third Complaint as amended explicitly states that it is intended as a renewal of the first suit originally filed on December 17, 2001. It is undisputed that service was perfected on

both appellees in that first suit. Thus, appellees' assertion that appellant is seeking to renew a void action is not borne out by the record.

*Judgment reversed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 2008.

*Donald L. Jones*, for appellant.

*Fain, Major & Brennan, Jennifer L. Nichols, Alexander Gordon*, for appellees.