28553. TAYLOR et al. v. MURRAY.

Undercofler, Justice. This case involves a single car automobile

wreck which occurred in South Carolina on July 4, 1969. An action for the wrongful death of a guest passenger was filed against the driver and the owner of the automobile in the Superior Court of Stephens County, Georgia, on March 9, 1972. South Carolina has a six-year limitation of action for wrongful death. Georgia has a two-year limitation. The question here is whether the South Carolina or the Georgia limitation applies. The trial court held the Georgia limitation applied and granted summary judgment for the defendants. The Court of Appeals reversed. We granted certiorari. *Held:*

"In accordance with the fundamental principle of law that matters pertaining to the remedy are governed by the law of the state or country where suit is brought, rather than that in which the cause of action arose, it is well settled that the Statute of Limitations of the country, or state, where the action is brought and the remedy is sought to be enforced, controls, in the event of the conflict of laws. In other words, the lex fori determines the time within which a cause of action may be enforced. . .

"However, where the foreign statute creating a cause of action not known to the common law prescribes a shorter period in which action may be commenced than that prescribed by the law of the place where the action is brought, the former, the lex loci, governs, and no action can be maintained in any jurisdiction, foreign or domestic, after the expiration of such period, since the limitation is, in such a case, a qualification or condition upon the cause of action itself, imposed by the power creating the right, and not only is action barred, but the cause of action itself is extinguished, upon the expiration of the limitation period. [Cit.]

"It by no means follows, however, that the limitation of the forum would not apply as a bar to the action, where such limitation is shorter than that prescribed by the lex loci. As demonstrated by the editor of Parmele's Wharton, Conflict of Laws, § 540 b, the reason why the lapse of time, prescribed by the statute creating the cause of action precludes an action thereon in other jurisdictions is that it extinguishes the cause of action itself. The condition prescribed by the lex loci is not a statute of limitations at all, properly speaking; so the application of the lex loci in such case is not really in derogation of the general rule that, where there is a conflict between a statute of limitation of the forum and one of the place where the cause of action arose, the former governs. Where the lex fori prescribes a shorter period of limitation, there seems to be no reason for not giving effect

thereto, in accordance with the general rule. In such a case, where the period fixed by the lex loci has not elapsed, the plaintiff has a concededly existing cause of action; but it is to existing causes of action, and only to such, that statutes of limitations are intended to apply; and the limitation of the forum does no more in denying relief on a statutory cause of action, than in cutting off the remedy of an equally valid cause of action at common law." 68 ALR 217; *Selma, R. & D. R. Co. v. Lacey,* 49 Ga. 106; *O'Shields v. Ga. Pac. R. Co.,* 83 Ga. 621 (10 SE 268, 6 LRA 152); 75 ALR 231, VIII; 146 ALR 1356. "As a general rule, a statute admitting the bar of the law of any other state or country does not so adopt the foreign law as to lengthen the limitation period otherwise prescribed at the forum." 51 AmJur2d 647, § 67. See *Montague v. Cummings,* 119 Ga. 139 (45 SE 979); Restatement, Conflict of Laws, p. 720, § 603.

In our opinion the Georgia two-year limitation of action for wrongful death is the public policy of this state. It bars the institution of such litigation after a lapse of this period and the period can not be extended by the legislatures of foreign states.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1974 — DECIDED MARCH 8, 1974.

*Robert B. Struble, Millard B. Shepherd, Jr.,* for appellants.
*Smith & Millikan, Harmon T. Smith, Jr., Gammon & Anderson, Joseph N. Anderson,* for appellee.