## A96A1573. GRAY et al. v. ARMSTRONG.
(474 SE2d 280)

BLACKBURN, Judge.

Arnold and Elizabeth Gray appeal the trial court's order granting defendant's[1] motion to dismiss based upon expiration of the statute of limitation and a lack of jurisdiction incorrectly enumerated as improper venue.

The Grays filed the underlying negligence action in the Superior Court for Catoosa County, Georgia, on April 3, 1995. In the Grays' complaint, they allege that employees from defendant Armstrong Cleaning Services were negligent in cleaning the floor at the Foodmax in Tennessee where Arnold Gray slipped and fell on April 3, 1993. The defendant answered alleging the expiration of the statute of limitation and improper venue.

1. In his motion to dismiss, the defendant asserted that the one-year Tennessee statute of limitation applies, while the Grays contend that Georgia's two-year statute of limitation applies. Tenn. Code Ann. § 28-3-104 (a) (1) provides that actions for injuries to the person "shall be commenced within one (1) year after the cause of action accrued."

"Under the rule of lex loci delicti, tort cases are governed by the substantive law of the state where the tort was committed. Under the rule of lex fori, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought." (Citations omitted.) *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765 (417 SE2d 671) (1992). The Georgia Supreme Court has held that "[s]tatutes of limitation look only to the remedy and so are procedural." *Hunter v. Johnson*, 259 Ga. 21, 22 (376 SE2d 371) (1989).

An exception to this rule exists, however, where the limitation is established as a condition precedent to the action by the statute which creates the cause of action. In such a circumstance, the limitation is substantive in nature, not procedural, and the rule of lex loci delicti applies. *Taylor v. Murray*, 231 Ga. 852 (204 SE2d 747) (1974).

No such exception applies in the subject case, as the Tennessee statute of limitation is a general statute and the limitation is not included as a condition precedent in the statute which created the cause of action. Therefore, the general Tennessee statute of limitation creates no substantive right in the limitation period and does not preclude the bringing of the action in Georgia, consistent with Georgia's two-year statute of limitation.

The cases cited by the defendant do not require a different result. In *Taylor*, supra, the Georgia Supreme Court determined that

---

[1] The action was filed against Joe Armstrong and Bruno's, Inc. d/b/a Foodmax (subsequently dismissed). Only defendant Joe Armstrong is involved in this appeal.

the two-year Georgia statute of limitation, rather than the six-year South Carolina limitation, applied in a Georgia action for the wrongful death of a guest passenger which occurred in South Carolina. In *Taylor*, as in this case, the law of the forum applies as to the statute of limitation issue, as neither case involved an exception to that rule.

Therefore, the trial court erred in applying the Tennessee statute of limitation and in granting defendant's motion to dismiss based upon the expiration of such statute of limitation.

2. Defendant's motion to dismiss was also based upon a lack of jurisdiction in Georgia to hear this case which involved an incident which occurred in Tennessee and was incorrectly enumerated as being based upon "improper venue."

Ga. Const. 1983, Art. VI, Sec. II, Par. VI provides, in pertinent part, that "[a]ll other cases . . . shall be tried in the county where the defendant resides." In the present case, the defendant, Joe Armstrong, admitted that he was a resident of Catoosa County, Georgia. Therefore, "venue" is proper in Catoosa County, Georgia.

The defendant's argument that the Georgia court lacked jurisdiction to hear the case solely on the basis that the incident occurred in Tennessee is without merit where the defendant is a Georgia resident. It is unclear whether or not the trial court based its grant of defendant's motion to dismiss upon defendant's "venue" argument.

However, the trial court erred in granting defendant's motion to dismiss.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 1, 1996.

*Larry B. Hill*, for appellants.
*Brinson, Askew, Berry, Seigler, Richardson & Davis, J. Anderson Davis*, for appellee.