A08A0417. GRIFFIN v. HUNT REFINING COMPANY et al.
(664 SE2d 823)

BERNES, Judge.

Brenda Sue Sanford Griffin, as executrix of the estate of her late husband, David Wayne Griffin, appeals from the trial court's dismissal of her wrongful death action on the grounds that it was barred by the applicable statute of limitation. For the reasons that follow, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

On appeal, we review the trial court's dismissal de novo. *Lyon v. Schramm*, 291 Ga. App. 48, 49 (661 SE2d 178) (2008).

> Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

(Citation and punctuation omitted.) Id.

So viewed, the record shows that Griffin is seeking recovery against the appellees[1] for the wrongful death of her husband from acute myelogenous leukemia. She alleged that from approximately 1973 through 1993, during the years he was employed as a rubber worker, Mr. Griffin was exposed to toxic substances allegedly manufactured and/or distributed by the appellees. Mr. Griffin was diagnosed with leukemia on September 9, 2003 and died on February 17, 2004. At all times, Mr. Griffin worked, was injured, and died in Alabama.

---

[1] The appellees are Hunt Refining Company; Amerada Hess Corporation; Texaco Downstream Properties, Inc.; Sunoco, Inc.; Union Oil Company of CA; ConocoPhillips Company; Chemtura Corporation; Shell Oil Company; Lyondell Chemical Company, Inc.; and Goodyear Tire & Rubber Company.

Griffin filed the instant action on February 15, 2006.[2] She filed a nearly identical action in Alabama the following day. The appellees filed a motion for judgment on the pleadings, asserting that the Georgia action was governed by Alabama law and that Griffin's claim was barred by the applicable statute of limitation.

The trial court granted the appellees' motion. In its order, the trial court held that Griffin's wrongful death action was controlled by Alabama's substantive law, namely the Alabama wrongful death statute, Ala. Code § 6-5-410. That statute provides:

> (a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere,[3] for the wrongful act, omission, or negligence of any person, persons, or corporation . . . whereby the death of his testator . . . was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.
>
> . . .
>
> (d) Such action must be commenced within two years from and after the death of the testator or intestate.

Ala. Code § 6-5-410 (a), (d).

Construing the wrongful death statute, the trial court held that, as a prerequisite to the filing of a wrongful death suit under Alabama law, Mr. Griffin, had he been alive, must have had a viable personal injury claim at the time that the wrongful death action was filed. The trial court recognized that in certain circumstances a statute of limitation is procedural (in which case Georgia law would govern), and in others it is substantive (in which case Alabama law would govern), but concluded that, under either Georgia or Alabama law, Mr. Griffin did not have a viable personal injury action at the time that Griffin filed the wrongful death claim. Thus, the trial court concluded that Griffin's lawsuit was time barred under Alabama's wrongful death statute. This appeal ensued.

1. Griffin argues that the trial court misinterpreted Alabama's wrongful death statute to the extent that the court concluded that

---

[2] Griffin's original complaint named the Georgia-Pacific Corporation as a defendant, rendering venue in Georgia proper.

[3] Notwithstanding the constrictive language in the statute, an Alabama wrongful death action can be brought in other jurisdictions provided that jurisdiction and venue would otherwise be proper. *Tennessee Coal &c. Co. v. George*, 233 U. S. 354, 359-360 (34 SC 587, 58 LE 997) (1914).

the statute required Mr. Griffin to have a viable personal injury on the date that the wrongful death action was filed, as opposed to having a viable personal injury claim on the date of his death. She further argues that, because Mr. Griffin, on the date of his death, could have filed a personal injury action in Georgia,[4] the wrongful death action was not time barred under Alabama law.

It is undisputed that, for a death to be actionable under Alabama's wrongful death statute, "the decedent must have been able to bring an action without the bar of limitations as a defense had he or she lived." *Spain v. Brown &c. Corp.*, 872 S2d 101, 112 (II) (A) (Ala. 2003). We agree with Griffin that the relevant inquiry is whether the decedent had a viable personal injury action at the time of his death, not whether such an action was time barred at the time that the wrongful death action was actually filed. See *Okeke v. Craig*, 782 S2d 281, 283 (Ala. 2000) ("[I]f a decedent has a viable [personal injury] claim at the time of his death, his personal representative has two years from the date of the death to file a wrongful-death claim. . . .") (punctuation and footnote omitted); *Curtis v. Quality Floors*, 653 S2d 963, 964 (Ala. 1995) (same). To this extent, the trial court erred in its interpretation of the statute.

We nonetheless conclude that Griffin cannot rely on Georgia's statute of limitation in order to establish that her claim is not time barred. As a general rule, Georgia law provides that statutes of limitation are procedural in nature and are thus governed by the law of the forum state. *Hunter v. Johnson*, 259 Ga. 21, 22 (1) (376 SE2d 371) (1989). "An exception to this rule exists, however, where the limitation is established as a condition precedent to the action by the statute which creates the cause of action." *Gray v. Armstrong*, 222 Ga. App. 392 (1) (474 SE2d 280) (1996). In such a circumstance, the limitation is substantive, not procedural, and is governed by the law of the state where the tort was committed. Id. See *Taylor v. Murray*, 231 Ga. 852, 853 (204 SE2d 747) (1974). Here, the requirement that the decedent have a personal injury cause of action at the time of his death is clearly a condition precedent to a wrongful death action under the Alabama statute; only if a decedent could have brought a personal injury claim at the time of his death may a personal representative file a wrongful death claim within two years of his death. See *Downtown Nursing Home v. Pool*, 375 S2d 465, 466 (Ala.

---

[4] Under Georgia law, product liability actions are governed by OCGA § 9-3-33, which provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." Under Georgia's discovery rule, Mr. Griffin's right of action would not have accrued until he discovered or with reasonable diligence should have discovered that he was injured and that his injury may have been caused by the appellees' conduct. See *King v. Seitzingers, Inc.*, 160 Ga. App. 318, 320 (287 SE2d 252) (1981).

1979) ("This two year period is part of the substantive cause of action and is not to be treated as a statute of limitations."). Consequently, the time limitation in Alabama's statute falls within the exception set forth in *Gray,* 222 Ga. App. at 392 (1), and Alabama's law controls.[5]

A claim for personal injury under Alabama law must be filed within two years of the accrual of the cause of action. See Ala. Code § 6-2-38 (l). At the time that this case was pending in the trial court, Alabama followed "the date of last exposure rule" in toxic tort cases, e.g., where a plaintiff is continuously exposed to a hazardous substance, the date of the plaintiff's injury, and thus the accrual date for his or her personal injury claim, was the date of last exposure. *Becton v. Rhone-Poulenc, Inc.,* 706 S2d 1134, 1135 (Ala. 1997). Consequently, under Alabama law as it existed at the time of the trial court's ruling, Mr. Griffin's claim for personal injury accrued no later than 1993, the date of his last exposure, and his personal injury claim became time barred in 1995, barring Griffin's claim as well. See Ala. Code § 6-2-38 (l); *Becton,* 706 S2d at 1135.

During the pendency of this case, however, the Alabama Supreme Court reversed the 29-year-old precedent that rendered Griffin's case time barred. See *Griffin v. Unocal Corp.,* 990 S2d 291 (Ala. 2008), adopting the dissent in *Cline v. Ashland, Inc.,* 970 S2d 755, 761-777 (Ala. 2007) (Harwood, J., dissenting). Id. at 293. Specifically, the Alabama Supreme Court overruled its application of "the date of the last exposure" rule, adopting instead a rule under which "a cause of action accrues only when there has occurred a manifest, present injury." (Emphasis omitted.) *Griffin,* 990 S2d at 293. It cannot be said from the face of the complaint that Griffin does not have a viable wrongful death claim under the application of the new rule, since Mr. Griffin died within two years of his diagnosis.

The question thus becomes whether the newly adopted accrual rule applies to the facts of this case. The appeal spawning the change in the law in the Alabama Supreme Court involved different defendants than those involved in the present appeal; however, Griffin was the plaintiff in that case and the present defendants were parties to

---

[5] We further note that it appears that Alabama's personal injury statute of limitation in toxic exposure cases is generally more restrictive than Georgia's statute. See *Taylor,* 231 Ga. at 853 ("[W]here the foreign statute creating a cause of action not known to the common law prescribes a shorter period in which action may be commenced than that prescribed by the law of the place where the action is brought, the former . . . governs.") (citation and punctuation omitted). See also *Indon Indus. v. Charles S. Martin Distrib. Co.,* 234 Ga. 845, 848 (218 SE2d 562) (1975).

that action at the trial level.[6] In its opinion, the Alabama Supreme Court stated that the new rule would be applied prospectively, "except in [that] case, where it would be applied retroactively." *Griffin*, 990 S2d at 293. The Alabama Supreme Court further stated that "Griffin, as the prevailing party in bringing about a change in the law, should be rewarded for her efforts." Id.

Based upon the Alabama Supreme Court's directive that Griffin should be rewarded for her efforts in effecting a change in Alabama's law, we infer that the Court intended to allow Griffin to utilize the newly adopted accrual rule in support of her wrongful death claim, however the litigation of that claim may proceed. Since we are confined to apply Alabama law and we cannot say with certainty that Griffin would not be entitled to relief under Alabama's newly modified law, we reverse the trial court's dismissal of her claims.

2. We need not address Griffin's remaining enumerations of error in light of our holding in Division 1.

*Judgment reversed and case remanded. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JULY 3, 2008.

*Charles T. Brant*, for appellant.

*Paul, Hastings, Janofsky & Walker, Robert M. Martin, Noelle Lagueux-Alvarez, Ryan E. Lewis, Nelson, Mullins, Riley & Scarborough, Richard K. Hines V, Troutman Sanders, John J. Dalton, Hawkins & Parnell, Ollie M. Harton, Womble, Carlyle, Sandridge & Rice, Michael J. Sullivan, Alston & Bird, Akila S. McConnell*, for appellees.

---

[6] It was revealed during oral argument that the defendants in the instant case were not parties to the appeal to the Alabama Supreme Court because the Alabama trial court had denied their motions to dismiss Griffin's claims.