A09A1046. BUTTS v. THOMAS.
(686 SE2d 262)

ADAMS, Judge.

Coca-Cola Bottling Company United, Inc. brought suit in the name of its employee Bobby Wayne Butts to recover workers' compensation benefits paid pursuant to Tennessee law arising out of a car accident involving Butts and Janet Rosser Thomas that occurred in Catoosa County, Georgia. The Superior Court of Catoosa County granted Thomas's motion for summary judgment, in which Thomas argued that the claim was barred by the statute of limitation. Coca-Cola appeals.

The complaint alleges that Butts, a Coca-Cola employee, was injured on August 18, 2005 while acting within the course and scope of his employment and that he received workers' compensation benefits from Coca-Cola under the Tennessee Workers' Compensation Act. Coca-Cola alleges that Tennessee law governs its right to maintain this suit. Under Tennessee law, even after receiving benefits, Butts was authorized to sue Thomas in tort. Tenn. Code Ann.

---

§ 50-6-112 (a). The same law provides, however, that if the employee fails to bring an action against the tortfeasor for a period of one year, the claim is assigned by operation of law to the employer who then has six months to file suit against the tortfeasor. Tenn. Code Ann. § 50-6-112 (d) (2).

In this case, Butts did not sue Thomas, so Coca-Cola brought suit against Thomas in Georgia on February 13, 2008. Although over two years had passed since the accident, Coca-Cola relies on another provision of the same Tennessee Code section that provides that if the cause of action arises in another state, in this case Georgia, that state's statute of limitation applies to the employee's tort claim. Coca-Cola argues, accordingly, that the correct limitation period is calculated by taking the Georgia two-year limitation period for torts and adding the six-month period authorized by the Tennessee Code for the employer to file suit after the employee declines to do so.

The record shows that Coca-Cola brought a personal injury action in a Georgia court arising out of an accident that occurred in Georgia. The general rule in Georgia is that statutes of limitation are procedural in nature and are therefore governed by the law of the forum state. *Hunter v. Johnson*, 259 Ga. 21 (376 SE2d 371) (1989); *Taylor v. Murray*, 231 Ga. 852, 853 (204 SE2d 747) (1974) ("the lex fori determines the time within which a cause of action may be enforced"). Under Georgia law, Coca-Cola's claim is barred by the two-year statute of limitation for personal injury. See OCGA § 9-3-33. The Supreme Court of Georgia has held that a foreign state's law cannot extend the Georgia limitation period. See, e.g., *Taylor*, 231 Ga. at 853-854. See also *Indon Indus. v. Charles S. Martin Distrib. Co.*, 234 Ga. 845, 848 (218 SE2d 562) (1975) (following *Taylor*).

The cases cited by Coca-Cola are not controlling. Coca-Cola cites *Griffin v. Hunt Refining Co.*, 292 Ga. App. 451 (664 SE2d 823) (2008), and *Gray v. Armstrong*, 222 Ga. App. 392 (1) (474 SE2d 280) (1996), for the proposition that an exception to the rule of lex fori applies "where the limitation [period of the foreign state] is established as a condition precedent to the action by the statute which creates the cause of action." *Gray*, 222 Ga. App. at 392 (1). But regardless of whether the present case falls in that category, *Gray* merely quotes *Taylor*, which makes clear that the exception discussed therein only results in application of a foreign statute of limitation when the foreign limitation period is shorter than the applicable Georgia period. *Taylor*, 231 Ga. at 853 (exception applies "where the foreign statute creating a cause of action not known to the common law prescribes a shorter period in which action may be commenced than that prescribed by the law of the place where the action is brought"). And *Griffin* noted that the rule in *Taylor* applied in that case. See *Griffin*, 292 Ga. App. at 454, n. 5 (noting "that it

appears that Alabama's personal injury statute of limitation in toxic exposure cases is generally more restrictive than Georgia's statute. See *Taylor*, 231 Ga. at 853. . . . See also *Indon Indus. v. Charles S. Martin Distributing Co.*, [234 Ga. at 848].'').

Accordingly, the trial court did not err by dismissing Coca-Cola's case on the ground that it was barred by the applicable limitation period. Coca-Cola's remaining enumeration is moot.

*Judgment affirmed. Blackburn, P. J., concurs. Doyle, J., concurs in judgment only.*

DECIDED SEPTEMBER 22, 2009 —
RECONSIDERATION DENIED OCTOBER 28, 2009.

*Leitner, Williams, Dooley & Napolitan, Sean W. Martin*, for appellant.

*Davis & Melton, John W. Davis, Jr., F. Gregory Melton*, for appellee.

