A11A0509. CARROLL FULMER LOGISTICS CORPORATION
et al. v. HINES et al.
(710 SE2d 888)

ANDREWS, Judge.

At issue is whether the substantive law of Georgia or Florida applies to wrongful death and survival claims brought in Georgia arising out of a tractor-trailer collision that occurred in Florida. Because we find that application of Florida law under the conflict of laws rule lex loci delicti would contravene Georgia public policy, we affirm the trial court's conclusion that Georgia law applies.

Travis Lamar Hardaway was killed when the tractor-trailer he was driving on Interstate 10 in Jacksonville, Florida struck the rear of the tractor-trailer driven by Clifford Pauldo in the course of

business for Carroll Fulmer Logistics Corporation (CFL). There is evidence that Hardaway died shortly after the collision from burns and smoke inhalation when, as a result of the collision, the driver's compartment of his tractor-trailer burst into flames. Both drivers were Georgia residents. At the time of his death, Hardaway was not married and had a year-old surviving child. Hardaway's minor child, Travis Lamar Hardaway, Jr. (by the child's conservator, Michael T. Smith) and Hardaway's estate (by the estate administrator, Mary E. Hines) brought wrongful death and survival claims in Georgia against Pauldo and CFL as a nonresident corporation alleged to be vicariously liable for Pauldo's acts. They claimed that Pauldo caused the collision when he negligently drove on the interstate well below the posted minimum speed limit. The parties filed cross-motions for summary judgment on the issue of whether Georgia or Florida substantive law controlled the claims. Pauldo and CFL appeal from the trial court's ruling granting summary judgment on this issue in favor of Smith and Hines and denying their motion.

Conflict of laws issues in tort cases brought in Georgia are governed by the rule of lex loci delicti, which requires application of the substantive law of the place where the tort or wrong occurred. *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808 (621 SE2d 413) (2005). Because the alleged tort occurred in Florida, the rule of lex loci delicti would require application of Florida substantive law. But Georgia also recognizes a public policy exception to the rule of lex loci delicti. Under this exception, even if the tort occurred in another state, a Georgia court will not as a matter of courtesy or comity apply the other state's substantive law "if the law of the other state contravenes the public policy of [Georgia]." *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765-766 (417 SE2d 671) (1992); *Alexander v. Gen. Motors Corp.*, 267 Ga. 339, 340 (478 SE2d 123) (1996); OCGA § 1-3-9.

When a person's death is the result of negligent conduct by another, and there is some evidence that, prior to death, the decedent consciously experienced pain and suffering as a result of the negligence, Georgia law provides a method for the recovery of wrongful death damages and a method for the separate recovery of damages for the decedent's pre-death pain and suffering. The Georgia Wrongful Death Act (OCGA § 51-4-1 et seq.) provides that designated persons (including a surviving child) have the right to recover "the full value of the life of the decedent without deducting for any of the necessary or personal expenses of the decedent had he lived." OCGA §§ 51-4-1; 51-4-2 (a). The full value of the decedent's life is the economic value and the value of other noneconomic intangible items that the decedent would have attained to the end of his life had he lived. *Brock v. Wedincamp*, 253 Ga. App. 275, 280 (558 SE2d 836)

(2002). Since these damages are measured from the decedent's point of view, there is no recovery for damages, including mental or emotional suffering, experienced by the decedent's survivors as a result of the wrongful death. Id. at 281; *Bulloch County Hosp. Auth. v. Fowler*, 124 Ga. App. 242, 247-248 (183 SE2d 586) (1971), overruled on other grounds, *Gilson v. Mitchell*, 131 Ga. App. 321, 328 (205 SE2d 421) (1974); *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 664 (386 SE2d 146) (1989), overruled on other grounds, *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 588, n. 8 (533 SE2d 82) (2000).[1] The Georgia survival statute at OCGA § 9-2-41 provides that the decedent's personal representative has the right to recover separate damages for the decedent's pre-death physical and mental pain and suffering.

Under the same circumstances, the Florida Wrongful Death Act (Fla. Stat. § 768.16 et seq.) provides for the recovery of damages as a result of the decedent's negligently caused injury and death. The Florida Act provides that, in an action brought by the decedent's personal representative, designated survivors (including a surviving child) have the right to recover certain damages suffered by the survivor, not by the decedent, as a result of the decedent's injury and death. *Estate of Williams v. Tandem Health Care of Florida*, 899 S2d 369, 375 (Fla. 1st Dist. App. 2005). These damages include a surviving minor child's recovery for loss of past and future support and services, loss of parental companionship and guidance, and recovery for the child's own mental pain and suffering from the date of the death-causing injury. Fla. Stat. § 768.21; *Martin v. United Security Svcs.*, 314 S2d 765, 768-769 (Fla. 1975). While allowing survivors to recover for their own mental pain and suffering, the Florida Wrongful Death Act specifically eliminates any recovery for the decedent's pre-death physical and mental pain and suffering by providing in Fla. Stat. § 768.20: "When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." According to the Florida Supreme Court, this "conveys an unmistakable legislative intent to incorporate into the new Wrongful Death Act the survival action formerly maintainable under [Fla. Stat. §] 46.021, but modified to substitute a survivor's pain and suffering for a decedent's pain and suffering as an element of damages." *Martin*, 314 S2d at 770.

We need not engage in a detailed comparison of the various

---

[1] Under OCGA § 51-4-5 (b) of the wrongful death act, the decedent's personal representative also has the right to recover for "funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person."

damages recoverable under the Georgia and Florida wrongful death acts to determine whether application of the Florida Wrongful Death Act would contravene Georgia public policy. Although both acts provide recovery of damages for wrongful death, Florida measures damages from the perspective of survivors' losses while Georgia does so from the perspective of the lost value of the decedent's life. Moreover, under the facts of this case, application of the Florida Act would eliminate the possibility of the separate recovery allowable under Georgia law for any pre-death physical and mental pain and suffering consciously experienced by Hardaway. These are differences sufficient to render the Florida Act in contravention of Georgia public policy. Applying the public policy exception to the rule of lex loci delicti, the trial court correctly ruled that Georgia rather than Florida substantive law applies to the wrongful death and survival actions.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 27, 2011 —

*Hall, Booth, Smith & Slover, Steven D. Prelutsky, Jennifer K. Brown, W. Scott Henwood, Kawania B. James*, for appellants.

*Hill & Bleiberg, Gary Hill, Hamilton, Westby, Antonowich & Anderson, Joseph T. Brasher, Andrew G. Daugherty*, for appellees.