**In the MATTER OF: Jeffrey Alan MARTIN,**

**Griffin E. Howell, III, Trustee for the Estate of Jeffrey Alan Martin, Plaintiff.**

**v.**

**Martin Financial, LLC, Martin Financial, Inc., TMAR Ltd, LLC, Q–Tan, LLC, Marada, Inc., and Connie L. Martin (a/k/a Connie L. Shaw), Defendants.**

**CASE NUMBER 14–11743–WHD
ADVERSARY PROCEEDING
NO. 14–1061–WHD**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Signed June 8, 2015

Kara E. Adler, Lisa McVicker Wolgast, Morris, Manning & Martin, LLP, Atlanta, GA, for Plaintiff.

M. Denise Dotson, M. Denise Dotson, LLC, Atlanta, GA, for Defendants.

### ORDER

W. Homer Drake, U.S. Bankruptcy Court Judge

These matters arise between Plaintiff, Griffin Howell, III (hereinafter the "Trustee"), Chapter 7 trustee for the estate of Jeffrey Alan Martin (hereinafter the "Debtor"), and Martin Financial, Inc. (hereinafter "MFI"), TMAR Ltd, LLC (hereinafter "TMAR"), Q–Tan, LLC (hereinafter "Q–Tan"), and Connie L. Martin (hereinafter, collectively, the "Defen-

dants"[1] ). Since the latter part of April, numerous motions have been filed in this case. For purposes of judicial economy, the Court shall resolve those issues that are ripe for resolution and give direction to the parties regarding any unresolved matters.

Currently before the Court are MFC's (1) *Motion for Partial Summary Judgment* (hereinafter the "SMJ Motion") and Defendants' (2) *Motion to Stay Adversary Proceeding* (hereinafter the "Stay Motion"), pending the resolution of the SMJ Motion. Also before the Court are the Trustee's (1) *Motion to Compel Production of Documents from Defendants* (hereinafter the "Compel Motion"); (2) *Motion to Defer or Deny Partial Motion for Summary Judgment or to Condition Consideration upon Expiration of Discovery Period under F.R.C.P. 56(d)* (hereinafter the "Deferral Motion"), and (3) *Motion for Sanctions* (hereinafter the "Sanctions Motion"). This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 157(b)(*l*) & § 1334, as a core proceeding defined under 28 U.S.C. §§ 157(b)(2)(E) & (H).

### Background

On November 24, 2014, the Trustee commenced this adversary proceeding by filing a complaint, as amended on March 9, 2015, against the Defendants. The Trustee's complaint seeks, in addition to other relief, the following as against MFI: (1) a finding that MFI is the Debtor's alter ego and for the Court to "collapse down into one estate the identity and assets" of MFI "together with the identity and assets" of the Debtor (Count I); (2) alternatively, under Section 544 of the Bankruptcy Code, avoidance of a certain transfer from the Debtor to MFI of 135 parcels of real property located in Aiken County, South Carolina (hereinafter the "S.C. Properties") by deed recorded September 13, 2010, in the Aiken County real property records as a fraudulent transfer within the meaning of Official Code of Georgia Annotated (hereinafter "O.C.G.A.") § 18–2–75(a) (Count III) and § 18–2–74(a) (Count V) and recovery of such under Section 550 of the Bankruptcy Code; and (3) under section 542(b) of the Bankruptcy Code turnover, as property of the estate, of any monies collected from certain of these S.C. Properties pursuant to promissory notes or mortgages executed in MFI's, the Debtor's or MFL's favor (Count VI).

The discovery deadline in this matter was established as June 24, 2015. See Ct.'s Order, Doc. No. 22; *see also* Joint Report, Doc. No. 20. However, it appears that little discovery has been completed. See Trustee's Compel Mot., Doc. No. 50.

On April 27, 2015, MFI filed the SMJ Motion with the Court. The SMJ Motion asserts:

1. As for Count I, although "a bankruptcy trustee possesses standing to assert an alter ego claim[,]" such a claim "must be pursued under applicable state law." *See* Defs.' Br. 5, Doc. No. 55. MFI is entitled to judgment as a matter of law on Count I because the Trustee cites only to 11 U.S.C. § 105 as authority for the alter ego claim, and Section 105 does not provide a basis for such a claim;

2. As to Counts III and V, the Trustee "incorrectly utilizes Georgia law" instead of South Carolina law in an attempt to avoid and recover fraudulent transfers of properties located in South Carolina. *See* Defs.' Br. 12, Doc. No. 55. Because the Trus-

---

1. The Court previously entered a default judgment against Martin Financial, LLC and Mar-ada, Inc. for all claims made against the two entities. See Ct.'s Order, Doc. No. 30.

tee cannot set aside and recover under Georgia law any fraudulently conveyed property governed by South Carolina law, MFI is entitled to judgment as a matter of law on Counts III and V. MFI reserves its right to assert that the transfers fell outside of the applicable statute of limitations for avoidance and recovery;

3. Finally, because MFI is entitled to judgment as a matter of law on the S.C. Properties, neither the S.C. Properties nor any proceeds acquired therefrom are property of the Debtor's estate and subject to turnover. *See* Defs.' Br. 12, Doc. No. 55.

### Conclusions of Law

#### I.

In accordance with Federal Rule of Civil Procedure 56 (applicable to bankruptcy under FED. R. BANKR. P. 7056), this Court will grant summary judgment only if "there is no genuine dispute as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. CIv. P. 56(a); *Chavez v. Mercantil Commercebank, N.A.,* 701 F.3d 896, 899 (11th Cir.2012).

██ It is clear from the outset that MFI is not entitled to judgment as a matter of law. MFI does not dispute that a trustee has standing to assert an alter ego claim on behalf of the estate or that the Trustee possesses authority to bring a fraudulent transfer claim under state law and Section 544 of the Bankruptcy Code. Nor does MFI dispute that alter ego claims are recognizable under Georgia law or that fraudulent transfer claims are recognizable under South Carolina law. Likewise, MFI does not contend that the facts pled in the complaint do not support these respective theories of relief. MFI argues simply that the Trustee fails to cite

to the applicable state law regarding each of these claims. Nevertheless, nothing in the Federal Rules requires the Trustee to plead with such specificity.

Rule 8(a) of the Federal Rules of Civil Procedure, incorporated into this matter by means of Federal Rule of Bankruptcy Procedure 7008, requires that a claim for relief contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIv. P. 8(a). A plaintiff must only make factual allegations sufficient to provide the defendant with adequate notice of the claim "and the grounds upon which it rests." *See Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Nothing requires a plaintiff to invoke the specific statutory construct or case law applicable to the claim itself, and MFI cites no authority to the contrary. Indeed, such a rule appears inconsistent with the purpose behind the notice pleading standards. *See GEICO Cas. Co. v. Beauford,* 2007 WL 521928, at *2 (M.D.Fla.2007) ("The purpose of notice pleading is to reach a decision on the merits and to avoid turning pleading into 'a game of skill in which one misstep by counsel may be decisive to the outcome.' ") (citing *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (overturned in substance by Twombly)).

The Trustee's amended complaint alleges the following with regards to MFI and the Debtor as alter egos of one another:

Martin Financial, Inc. is, for all practical purposes, the same as Debtor ... [;] (a) Debtor has or had possession, custody and/or control of Martin Financial, Inc.'s assets and, until four (4) days before the Petition Date, exercised control over Martin Financial, Inc.'s bank account(s); ...

(c) Debtor's expenses are paid by Martin Financial, Inc.; . . .

(e) Martin Financial, Inc., Martin Financial, LLC and Debtor operate out of the same office and receive mail at the same Post Office box;

(f) Debtor has executed documents as owner and/or president of Martin Financial, Inc.;

(g) Martin Financial, Inc. owns and/or controls assets previously owned by Debtor and/or Martin Financial, LLC; and

(h) Martin Financial, Inc. operates the same business as operated by Debtor and Martin Financial, LLC.

Trustee's Am. Compl. 7, Doc. No. 38.

Regarding the fraudulent transfer allegations concerning MFI and the S.C. Properties, the Trustee's amended complaint makes the following allegations:

47

On or about August 17, 2010, Debtor and Martin Financial, LLC transferred their interests in 135 parcels of real property located in Aiken County, South Carolina ("Property 7") to Martin Financial, Inc. ("Deed 7"). (A true and correct copy of Deed 7 is attached as Exhibit 9.)

48

Upon information and belief, the consideration Debtor received or allegedly received in exchange for the transfer of his interest in Property 7 was not reasonably equivalent to the value of his interest in Property 7.

49

One or more creditors of Debtor were entitled to payment from Debtor before Debtor transferred Property 7.

50

Upon information and belief, at the time of Debtor's transfer of Property 7, Debt-or was insolvent or became insolvent as a result of the transfer.

51

Upon information and belief, Martin Financial, Inc. did not provide reasonably equivalent value to Debtor in exchange for the transfer of Debtor's interest in Property 7, and did not receive the transfer of Property 7 in good faith and without knowledge of the voidability of the transfer.

Trustee's Am. Compl. 13–14, Doc. No. 38. Under both Georgia and South Carolina law, the law on fraudulent conveyances is generally the same. *Compare* O.C.G.A. § 18–2–74 & § 18–2–75, *with* S.C. CODE ANN. § 27–23–10, *and Mathis v. Burton,* 460 S.E.2d 406, 408 (S.C.Ct.App.1995) (quoting *Durham v. Blackard,* 438 S.E.2d 259, 262 (S.C.Ct.App.1993) (citations omitted) (interpreting the Statute of Elizabeth)).

Evaluating the complaint in the light most favorable to the Trustee as the non-moving party, *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club. Inc.,* 766 F.2d 482, 484 (11th Cir.1985), the Court finds that the pleadings are sufficiently pled so as to place MFI on notice of the claims against it. Moreover, regardless of the statutory designation, the claims arise out of the exact same alleged conduct and/or transactions. Accordingly, should the Court determine that South Carolina law applies to the substance of the alleged fraudulent transactions, the Trustee would be permitted to file a motion to amend the complaint, with the claims relating back to the date of the original pleading. *See* FED. R. CIV. P. 15(a)(2) & (c)(1)(B).

## II.

As this case contains a number of moving parts, and with the question of the

applicable law having been raised, the Court wishes to address—to the extent possible—the choice-of-law issues concerning the fraudulent transfer claims.

 Generally, a choice-of-law analysis begins by determining whether to apply federal, instead of state, common law choice-of-law rules. *Compare Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (holding that a federal court in a diversity action must apply the choice-of-law rules of the forum state in accordance with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, (1938)), *with Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946) (holding that federal common law governs choice-of-law issues in bankruptcy cases, at least where the cause of action does not seek affirmative relief under state law); *see also In re Int'l Mgmt. Assoc., LLC*, 495 B.R. 96, 100 (Bankr.N.D.Ga.2013) (Bonapfel, B.J.) ("The analysis of choice of law issues in a bankruptcy court begins with consideration of whether to apply federal or state choice of law rules."); *In re New Power Co.*, 313 B.R. 496, 513 (Bankr.N.D.Ga.2004) (Drake, B.J) (conducting a conflicts analysis). Here, the Court need not discuss in detail whether federal or state choice-of-

law principles control, as both parties agree that Georgia's choice-of-law rules apply.[2] *See* Defs.' Br. 7–11, Doc. No. 55; Trustee's Br. 9–12. Where the parties are in dispute is over which of Georgia's choice-of-law principles to apply in these circumstances: those concerning procedural/remedial matters, those concerning tortious acts, or those concerning the law of contracts.

 For choice-of-law purposes, statutes of limitations are "procedural" or "remedial." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 725, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988); *McCabe v. Daimler AG & Mercedes–Benz USA*, 948 F.Supp.2d 1347, 1361 (N.D.Ga.2013) (Batten, J) (citing *Gray v. Armstrong*, 222 Ga.App. 392, 474 S.E.2d 280, 281 (Ga.Ct.App.1996)); *Hunter v. Johnson*, 259 Ga. 21, 21, 376 S.E.2d 371 (Ga.1989). This derives from the fact that a bar imposed by a statute of limitations "does not extinguish the underlying right." *Sun Oil*, 486 U.S. at 725, 108 S.Ct. 2117. A statute of limitations merely causes the withholding of available remedies. *Id.* Therefore, a forum state may choose to allow its courts to provide a remedy, even after the expiration of the statute of limitations of the state which supplies the substantive right. *Id.* Under Georgia law, the

---

**2.** Suffice it to say that a bankruptcy court, at the least, has discretion to apply state choice-of-law principles and, in fact, is encouraged to do so where the rights and obligations of the parties are defined by state law. *See Crist v. Crist*, 632 F.2d 1226, 1229 (5th Cir.1980) ("When disposition of a federal question requires reference to state law, federal courts are not bound by the forum state's choice of law rules, but are free to apply the law considered relevant to the pending controversy."); *Woods–Tucker Leasing Corp. v. Hutcheson–Ingram Dev. Co.*, 642 F.2d 744, 748–49 (5th Cir.1981) ("Even if a federal bankruptcy court is not bound, as a general rule, to apply the forum state's choice of law rules in its resolution of issues of state law, there may

nevertheless be issues which should be so resolved."); *see also Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (decisions of the Fifth Circuit issued before September 30, 1981, are binding precedent in the Eleventh Circuit); *Mukamal v. Bakes*, 378 Fed.Appx. 890, 896 (11th Cir.2010) (unpublished) (holding that the forum state's choice-of-law rules apply in bankruptcy proceedings "when the underlying rights and obligations of the parties are defined by state law"); *Int'l Mgmt. Assoc., LLC*, 495 B.R. at 105; *In re New Power Co.*, 313 B.R. at 513. At the most, bankruptcy courts are required to apply state law in the absence of some bankruptcy policy interest. *Int'l Mgmt. Assoc., LLC*, 495 B.R. at 105.

rule of *lex fori* —the law of the forum— governs procedural or remedial matters. *McCabe*, 948 F.Supp.2d at 1361 (citing *Fed. Ins. Co. v. Nat'l Distrib. Co.*, 203 Ga.App. 763, 417 S.E.2d 671, 673 (Ga.Ct. App.1992)). Accordingly, Georgia's statute of limitations applies to the claims for fraudulent transfer brought under state law pursuant to Section 544 of the Bankruptcy Code, regardless of whether Georgia or South Carolina law controls the substance of the claims.

▆▆▆ As for the law governing the substance of the fraudulent transfer claims, the Court believes a decision would be premature. Under the rule of *lex loci delicti*, tort cases are governed by the substantive law of the state where the tort was committed or the wrong occurred. *Fed. Ins. Co. v. Nat'l Distrib. Co.*, 203 Ga.App. 763, 765, 417 S.E.2d 671 (Ga.Ct. App.1992). Under Georgia law, generally, a tort occurs in the place where the last event necessary to make an actor liable for an alleged tort occurs. *Int'l Mgmt. Assoc., LLC*, 495 B.R. 96, 100 (Bankr.N.D.Ga. 2013) (Bonapfel, B.J.) (citing *Risdon Enter., Inc. v. Colemill Enter., Inc.*, 172 Ga. App. 902, 903–04, 324 S.E.2d 738 (1984)). Under the rule of *lex loci contractus*, contracts or quasi-contracts are "governed as to their nature, validity, and interpretation by the law of the place where they were made, except where it appears from the contract itself that it is to be performed in a State other than that in which it was made, in which case . . . the laws of that sister State will be applied." *Convergys Corp. v. Keener*, 276 Ga. 808, 811 n. 1, 582 S.E.2d 84 (Ga.2003).

▆▆▆ Under either analysis, the Court must consider the facts of the case presented to determine which state's law applies to the substance of the claims. Because discovery has not concluded, those analyses are not ripe for resolution. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery. . . ."); *Costello, Porter v. Providers Fid. Life Ins. Co.*, 958 F.2d 836, 839 (8th Cir.1992) ("Summary judgment is inappropriate until [the nonmovant] has had an adequate opportunity to conduct discovery."). As the facts need further development, the Court cannot undertake either of those choice-of-law approaches today. Appropriately, the Court also declines to address which principles govern the attendant matter.[3]

### Conclusion

For the reasons set forth above, the Court finds that the Defendants are not entitled to judgment as a matter of law. Accordingly, it is hereby

**ORDERED** that MFI's Motion for Partial Summary Judgment is **DENIED;**

It is **FURTHER ORDERED** that Georgia's statute of limitations concerning fraudulent transfer, as the law of the forum state, shall govern Counts III and V as a procedural/remedial matter;

It is **FURTHER ORDERED** that the Defendants' Stay Motion and the Trustee's Deferral Motion are rendered **MOOT** by this Order;

---

**3.** The classification of a fraudulent transfer cause of action as tort or contract · is not necessarily determined by a *per se* or categorical rule, as a finding that a cause of action resounds in tort or contract may itself rest upon factual inquiry. *See Int'l Mgmt. Assoc., LLC*, 495 B.R. 96, 100 (Bankr.N.D.Ga.2013) (Bonapfel, B.J.) (confining application of tort choice-of-law rules to the "context of a fraudulent transaction involving . . . a Ponzi scheme").

It is **FURTHER ORDERED** that the Trustee is **DIRECTED** to schedule a hearing before the Court on the Compel Motion and the Sanctions Motion for a date that is mutually acceptable to all parties involved; and

It is **FURTHER ORDERED** that the Discovery Deadline, as defined in the Joint Report, Doc. No. 20, shall be **extended by 45 days.**

The Clerk is **DIRECTED** to serve a copy of this Order on the Trustee, the Defendants, and respective counsel.

**IT IS ORDERED.**