**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 26, 2019**

# In the Court of Appeals of Georgia

A19A0621. FORBES et al. v. AULD et al.

MCFADDEN, Presiding Judge.

The question before us is whether this action for wrongful death and personal injury is time barred. That question turns on choice of law. As for the wrongful death claim, if we apply the law of the country of Belize, where the death occurred, the claim is barred. If we apply the law of Georgia, the forum where this action was filed, it is timely. We hold that the law of Georgia applies to the wrongful death claim because the Belizean law governing wrongful death claims violates Georgia public policy. So we reverse the dismissal of the wrongful death claim.

The personal injury claim is based on the common law. Therefore, the personal injury claim is governed by the general rule that the statute of limitation of the forum state applies. So we also reverse the dismissal of the personal injury claim.

1. *Factual background*.

The facts relevant to this appeal are largely undisputed. On February 13, 2016, 14-year-old Tomari Jackson drowned while swimming in a river on a school trip to Monkey Bay Wildlife Sanctuary in the country of Belize. His mother, Adell Forbes, filed this action on March 24, 2017, against Monkey Bay, its owner, Cobb County Government, Cobb County School District, and the chaperones, some of whom were employed by the school district at the time and some of whom were volunteers. Forbes asserted claims for her son's personal injuries before his death and for his wrongful death.

Forbes dismissed her claims against Cobb County Government, and the trial court granted Cobb County School District's motion to dismiss on the ground that it was immune from liability on the basis of sovereign immunity. The trial court then granted the remaining defendants' motions to dismiss, finding that the teacher chaperones were entitled to official immunity and that the one-year limitation period in the Belize Law of Torts Act barred all of Forbes's claims against all defendants.

Law of Torts Act, Chapter 172, § 10 (2011). (The pertinent provisions of Belize's

Law of Torts Act are reproduced in the margin.[1])

_____

[1] The Law of Torts Act, Chapter 172, §§ 8-16, provides:

8. For the purposes of sections 9 to 16 of this Act inclusive of this Act, "child" means son or daughter, step-son or step-daughter, adopted son or adopted daughter under the provisions of the Families and Children Act, Cap. 173, or a grandson or granddaughter; "parent" means father or mother, step-father or step-mother, adopted father or adopted mother, grandfather or grandmother.

9. Where the death of a person is caused by a wrongful act, neglect or default which is such as would (if death had not ensued) have entitled the party injured to maintain an action for damages in respect of his injury thereby, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to felony.

10. Every such action shall be for the benefit of the wife or husband, and every parent and child of the person whose death has been caused, but notwithstanding anything contained in the Limitation Act, Cap. 170, no such action shall be commenced at any time later than twelve months after the death of such deceased person.

11. Every such action shall be brought by and in the name of the executor or administrator of the person deceased, but if in any case there is no executor or administrator of the person deceased, or if, there being such executor or administrator, no such action is, within six calendar months after the death of such deceased person, brought by and in the name of such executor or administrator, the action may be brought by and in the name or names of all or any of the persons (if more than one) for whose benefit the action is hereby given, Provided that not more than one action shall lie for and in respect of the same subject matter of complaint.

12. In every action such damages proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action is brought may

Forbes filed this appeal, challenging the ruling that both claims are time barred.

2. *Wrongful death.*

be awarded, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the parties for whose benefit the action is brought in such shares as the court or a jury may direct.

13. In any such action the plaintiff shall state on the writ of summons full particulars of the person or persons for whom and on whose behalf such action is brought, and the nature of the claim in respect of which damages is sought to be recovered.

14. If the defendant in any such action desires to pay money into Court, it shall be sufficient for him to pay it as compensation in one sum to all persons entitled to recover in respect of his wrongful act, neglect or default, without specifying the shares into which the same is to be divided, and if the said sum is not accepted, and the plaintiff proceeds to trial as to its sufficiency, the defendant shall be entitled to judgment if the plaintiff is awarded no greater sum than is paid into Court.

15. In assessing damages in any such action there shall not be taken into account any sum paid or payable on the death of the deceased under any contract of assurance or insurance, whether made before or after the passing of this Act.

16.–(1) For the purposes of sections 8 to 15 of this Act inclusive, a person shall be deemed to be the parent or child of the deceased person notwithstanding that he was only related to him illegitimately, and accordingly in deducing any relationship which under the provisions of this Act is included within the meaning of the expressions "parent" and "child", any illegitimate person shall be treated as being, or as having been, the legitimate offspring of his mother and reputed father.

(2) For the purposes of an action brought under sections 8 to 15 of this Act inclusive, damages may be awarded in respect of the funeral expenses of the deceased person if such expenses have been incurred by the parties for whose benefit the action is brought.

The trial court's choice of law was a legal question, *Gentry v. Volkswagen of America*, 238 Ga. App. 785, 786 (521 SE2d 13) (1999), which we review de novo. *Gateway Community Svc. Bd. v. Bonati*, 346 Ga. App. 653 (816 SE2d 743) (2018).

The general choice-of-law rule in Georgia is that "a tort action is governed by the substantive law of the state [or country] where the tort was committed," *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 809 (621 SE2d 413) (2005) (citation omitted), but that "statutes of limitation are procedural in nature and are therefore governed by the law of the forum state." *Butts v. Thomas*, 300 Ga. App. 639, 640 (686 SE2d 262) (2009) (citations omitted) (physical precedent only). See *Taylor v. Murray*, 231 Ga. 852, 853 (204 SE2d 747) (1974) ("[I]t is well settled that the [s]tatute of [l]imitation[] of the country, or state, where the action is brought and the remedy is sought to be enforced, controls, in the event of the conflict of statutes of limitation."); *Gray v. Armstrong*, 222 Ga. App. 392 (1) (474 SE2d 280) (1996) ("Under the rule of lex loci delicti, tort cases are governed by the substantive law of the state where the tort was committed. Under the rule of lex fori, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought.") (punctuation and citation omitted). So under the general rule, this action would be governed by the substantive law of Belize and the Georgia statute of limitation.

But "where the limitation is established as a condition precedent to the action by the statute which creates the cause of action . . . the limitation is substantive, not procedural, and is governed by the law of the state where the tort was committed." *Griffin v. Hunt Refining Co.*, 292 Ga. App. 451, 453 (1) (664 SE2d 823) (2008) (citations and punctuation omitted). Such is the case here because the Law of Torts Act of Belize, which creates the wrongful death cause of action, includes a 12-month limitation period. Law of Torts Act, Chapter 172, § 10.

That is still not the end of our analysis, however. Our legislature has enacted a public-policy exception to the enforcement of foreign laws:

> The laws of other states and foreign nations shall have no force and effect of themselves within this state further than is provided by the Constitution of the United States and is recognized by the comity of states. The courts shall enforce this comity, unless restrained by the General Assembly, so long as its enforcement is not contrary to the policy or prejudicial to the interests of this state.

OCGA § 1-3-9. "Under [the public-policy] exception, even if the tort occurred in another state, a Georgia court will not as a matter of courtesy or comity apply the other state's substantive law if the law of the other state contravenes the public policy of Georgia." *Carroll Fulmer Logistics Corp. v. Hines*, 309 Ga. App. 695, 696 (710

6

SE2d 888) (2011) (citations and punctuation omitted). See also *Pink v. A. A. A. Highway Express*, 314 U.S. 201, 206 (62 SCt 241, 86 LEd 152) (1941) (the "policy of Georgia [is] derived from its statutes and judicial decisions"); *Stills v. Johnson*, 272 Ga. 645, 656 (533 SE2d 695) (2000) ("The public policy of this [s]tate is created by our Constitution, our statutes, and our judicial decisions.") (citation omitted).

The wrongful death provisions of the Law of Torts Act of Belize instantiate a public policy contrary to Georgia's. The Belizean provisions measure damages for wrongful death from the perspective of the survivors, while Georgia law measures damages from the perspective of the decedent. We have declined to apply Florida law for just that reason. In *Carroll Fulmer Logistics Corp.*, supra, we held that application of the Florida Wrongful Death Act would violate our public policy given that "Florida measures damages from the perspective of survivors' losses while Georgia does so from the perspective of the lost value of the decedent's life." 309 Ga. App. at 698. "[U]nder Georgia's wrongful death statute, damages are measured from the decedent's point of view." *Brock v. Wedincamp*, 253 Ga. App. 275, 280-281 (558 SE2d 836) (2002). See generally *Bibbs v. Toyota Motor Corp.*, 304 Ga. 68 (815 SE2d 850) (2018). The Belizean Law of Torts Act, Chapter 172, § 12 provides:

7

In every [wrongful death] action such damages proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action is brought may be awarded, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the parties for whose benefit the action is brought in such shares as the court or a jury may direct.

In other words, under the law of Belize, the measure of damages for wrongful death is the loss incurred by the decedent's survivors as a result of the death. See generally *Brooks v. United States*, 273 FSupp 619, 626-627 (2) (D.S.C. 1967) (holding that "damages proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought" are the damages suffered by the decedent's survivors) (punctuation omitted). So under *Carroll Fulmer*, supra, 309 Ga. App. at 698, application of the wrongful death provisions of Belize's Law of Torts Act would violate our public policy, given that in wrongful death actions, Belize "measures damages from the perspective of survivors' losses while Georgia does so from the perspective of the lost value of the decedent's life." Id.

But, the appellees argue, our analysis should not reach the damages provisions or the policies underlying them. They argue that the 12-month limitation in the

wrongful death provisions of the Law of Torts Act is a condition precedent, and Forbes's failure to file her lawsuit within 12 months extinguished the wrongful death cause of action. See *Taylor*, supra, 231 Ga. at 853 (a substantive period of limitation "is . . . a qualification or condition upon the cause of action itself, imposed by the power creating the right, and not only is action barred, but the cause of action itself is extinguished, upon the expiration of the limitation period."). Since the action itself is extinguished, they argue, it is improper to consider how damages would be measured.

We disagree. If we were considering Belize's 12-month limitation period in isolation, if it were set out in a statute independent of the substantive cause of action, our analysis would have ended at the first stage. Such a statute would be procedural. And, as detailed above, when Georgia is the forum state, we apply our own procedural law. *Gray*, 222 Ga. App. at 392 (1).

Our analysis has proceeded thus far because the 12-month limitation period is one of several elements of the statutory wrongful death cause of action created by the Law of Torts Act. See *Chamlee Lumber Co. v. Crichton*, 136 Ga. 391 (71 SE 673) (1911) (the requirement in materialman's lien statute of foreclosing within 12-months is an element of a cause of action on the lien). We must look to the wrongful death

9

provisions — the provisions that create the cause of action — in the Law of Torts Act as a whole before we may apply a particular provision of the Act. See *Carroll Fulmer*, supra, 309 Ga. App. at 696-698 (comparing the Georgia Wrongful Death Act as a whole to the Florida Wrongful Death Act as a whole to determine whether the Florida Act violated Georgia public policy). Cf. *Univ. of Iowa Press v. Urrea*, 211 Ga. App. 564, 567 (2) (440 SE2d 203) (1993) (application of the Iowa Tort Claims Act would not violate Georgia's public policy). And since one element of the cause of action violates our public policy, we will not enforce any of the law creating that cause of action.

Enforcement of the wrongful death provisions of the Law of Torts Act of Belize would be contrary to Georgia public policy, and so we will not enforce them. The Georgia statute of limitation therefore applies, and Forbes's claim for wrongful death was timely filed.

3. *Personal injury claim*.

A different analysis applies to the personal injury claim. In Georgia, "a survivor's statutory claim for a decedent's wrongful death and an estate's common-law claim for the same decedent's pain and suffering are distinct causes of action." *Mays v. Kroger Co.*, 306 Ga. App. 305, 306 (701 SE2d 909) (2010). Forbes

asserted a common-law claim for the pain and suffering Tomari Jackson experienced before his death. Because this claim is based on the common law, the general rule that statutes of limitation are governed by the law of the forum applies. *Taylor*, 231 Ga. at 853. As Forbes filed the action within the two-year Georgia statute of limitation, the common-law claim for pain and suffering is timely, and the trial court erred in dismissing it.

*Judgment reversed. Goss, J., concurs. McMillian concurs specially.\**

**THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPELS RULE 33.2.**

11

A19A0621. FORBES et al. v. AULD et al.                    McF-023

MCMILLIAN, Judge, concurring specially.

I write only to point out that the majority's analysis highlights what one commentator has described as Georgia's "peculiarly elastic" choice-of-law rules where the exceptions often seem to swallow the rule. See Symeon C. Symeonides, *Choice of Law in the American Courts in 2017: Thirty-First Annual Survey*, 66 Am. J. Comp. L. 1, 23 (2018). Our Supreme Court, however, has recently confirmed its adherence to Georgia's traditional approach in *Coon v. Med. Center, Inc.*, 300 Ga. 722, 733 (3) (c) (797 SE2d 828) (2017), until it becomes clear that a better rule exists. The parties do not advocate for any other rule, nor would it be within the authority of our Court to accept a new rule. For these reasons, I concur in the judgment of the majority but do not agree with all that is said. See Court of Appeals Rule 33.2 (a) (1) ("An opinion is physical precedent only . . . with respect to any portion of the published opinion in which any of the panel judges . . . concur specially without a statement of agreement with all that is said in the majority opinion . . . .")